IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-698 T

(Judge Lawrence M. Baskir)

GENE H. YAMAGATA,

Plaintiff

v.

UNITED STATES,

Defendant

# ANSWER

Defendant, the United States of America, in answer to the Complaint of plaintiff Gene H. Yamagata, respectfully denies each and every allegation contained therein that is not expressly admitted below. Defendant further responds to each separate paragraph of the Complaint as follows:

1. In response to paragraph 1 of the Complaint, defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. In response to paragraph 3 of the Complaint, defendant admits that the action seeks refunds of federal income tax for the tax years 1991, 1992, 1993, 1994, and 1996, together with interest and costs. Defendant denies that plaintiff is entitled to any of the relief that he seeks.

4. In response to paragraph 4 of the Complaint, defendant states that subject matter jurisdiction, to the extent that it exists, is conveyed by 28 U.S.C. § 1491(a)(1).

**FIRST CLAIM FOR RELIEF (1991 Tax Year)**

5. In response to paragraph 5 of the Complaint, defendant admits that plaintiff filed a federal income tax return, Form 1040, for the 1991 tax year. Defendant avers that the Internal Revenue Service received the tax return on October 9, 1992. Defendant states that it lacks information sufficient to form a belief as to the truth of the allegation that the tax return was filed “with the IRS Center in Fresno, California.” Defendant avers that

the tax return was processed in the Internal Revenue Service center in Ogden, Utah.

6. In response to paragraph 6 of the Complaint, defendant avers that the names and addresses on the 1991 U.S. Individual Income Tax Return, Form 1040, are "GENE H. YAMAGATA; 145 E RENO STE E-7; LAS VEGAS, NV, 89119." Defendant admits that paragraph 6 of the Complaint correctly identifies the social security number (XXX-XX-2509) that appears on plaintiff's 1991 U.S. Individual Income Tax Return, Form 1040.

7. In response to paragraph 7 of the Complaint, defendant avers that plaintiff made four separate income tax payments for the 1991 tax year – on April 19, 1991, September 20, 1991, January 16, 1992, and April 15, 1992. Defendant avers that those four payments totaled $1,150,000 (not $1,250,000, as plaintiff alleges). Defendant avers that a credit of $82,447 from a prior tax period was applied to the 1991 tax year on April 15, 1991. Defendant denies that any of these sums was applied to the 199<u>3</u> tax period, as plaintiff alleges. Defendant avers that $426,275.84 of these sums was applied to the 199<u>2</u> tax period. Defendant avers that interest of $109.51 was also applied to the 199<u>2</u> tax period. Defendant states that

plaintiff's assertion that the payments were timely constitutes legal argument to which no response is required.

8. In response to paragraph 8 of the Complaint, defendant admits that plaintiff submitted a 1040X Amended U.S. Individual Tax Return for the 1991 tax year to the U.S. Competent Authority. Defendant avers that the 1040X was dated October 15, 1999 and was accompanied by a cover letter dated October 12, 1999. Defendant avers that, notwithstanding the dates that appear on the amended return or cover letter, the 1040X was not stamped "RECEIVED" until November 5, 1999. Defendant states that the assertion that the 1040X was timely constitutes legal argument to which no response is necessary. Defendant denies that Exhibit A to the Complaint is a true copy of the 1040X for the 1991 tax year. Defendant avers that the copy which appears in the files of the Internal Revenue Service bears a legend that Exhibit A to the Complaint omits.

9. In response to paragraph 9 of the Complaint, defendant states that the 1040X for the 1991 tax year speaks for itself as to its content, and plaintiff's selective quotation from and addition of emphasis to the document constitutes legal argument to which no response is required.

10. In response to paragraph 10 of the Complaint, defendant admits that the U.S. Competent Authority sent a letter dated June 13, 2002 to Terrence D. Woolston, Esq. with a case reference of "Aloe Vera of America (97-169 - A, et al.)". Defendant states that the letter speaks for itself as to its content, and plaintiff's characterization of the letter is legal argument to which no response is required. Defendant denies that Exhibit B to the Complaint is a true copy of the letter. Defendant avers that the first page of Exhibit B is stamped "June 25, 2002," while the copy which appears in the files of the Internal Revenue Service is not.

11. In response to the first sentence of paragraph 11 of the Complaint, defendant admits that plaintiff submitted a 1040X Amended U.S. Individual Income Tax Return for the 1991 tax year to the Internal Revenue Service; defendant further admits that the 1040X was dated May 29, 2003, was postmarked June 3, 2003, and was stamped "RECEIVED" on June 4, 2003. Defendant admits that plaintiff submitted a separate 1040X Amended U.S. Individual Income Tax Return for the 1991 tax year to the Internal Revenue Service; defendant further admits that this 1040X was dated July 24, 2003, was postmarked July 27, 2003, was accompanied by a cover letter dated July 28, 2003, and was stamped

"RECEIVED" on July 29, 2003. In response to the second and third sentences of paragraph 11 of the Complaint, defendant states that the 1040X amended returns speak for themselves as to their content, and plaintiff's characterization of those documents constitutes legal argument to which no response is required. Defendant states that the assertion that the amended returns were timely constitutes legal argument to which no response is required. In response to the fourth sentence of paragraph 11 of the Complaint, defendant denies that Exhibit C is a true copy of the 1040X Amended U.S. Individual Income Tax Return for the 1991 year that was dated July 24, 2003. Defendant avers that pages 39, 46, 86 and 129 of Exhibit C are absent from the copy that appears in the files of the Internal Revenue Service. Defendant further avers that there are differences between pages 28, 47, 87 and 124 of Exhibit C and the corresponding pages in the files of the Internal Revenue Service.

12. In response to the first sentence of paragraph 12 of the Complaint, defendant admits that the Internal Revenue Service sent to plaintiff a Certified Notice of Claim Disallowance dated September 29, 2005 and states that the remainder of the first sentence constitutes legal argument to which no response is required. In response to the second

sentence of paragraph 12 of the Complaint, defendant admits that, but for the page numbers added by plaintiff, Exhibit D to the Complaint is a true copy of the Certified Notice of Claim Disallowance.

13. In response to paragraph 13 of the Complaint, defendant states that the Certified Notice of Claim Disallowance speaks for itself as to its content, and plaintiff's characterization of the document is legal argument to which no response is required. Defendant states further that the footnote to paragraph 13 is legal argument to which no response is required.

14. In response to paragraph 14 of the Complaint, defendant states that the Certified Notice of Claim Disallowance speaks for itself as to its content, and plaintiff's characterization of the document is legal argument to which no response is required.

15. In response to paragraph 15 of the Complaint, defendant states that the 1991 tax return speaks for itself as to its content, and plaintiff's characterization of the document is legal argument to which no response is required.

16. In response to paragraph 16 of the Complaint, defendant states that the allegation is ambiguous, as it does not specify which of the two

refund claims it refers to. In any event, the 1991 refund claims speak for themselves as to their content, and plaintiff's characterization of the documents is legal argument to which no response is required.

17. In response to paragraph 17 of the Complaint, defendant denies that it is proper to treat Forever Living Products Japan "as a partnership for United States income tax purposes." Defendant further denies that, if Forever Living Products Japan were treated "as a partnership for United States income tax purposes," plaintiff "has overpaid his federal income tax for 1991 in the amount of $609,804." Defendant specifically denies that plaintiff is entitled to any refund of income tax for the tax year 1991.

**SECOND CLAIM FOR RELIEF (1992 Tax Year)**

18. In response to paragraph 18 of the Complaint, defendant admits that plaintiff filed a federal income tax return, Form 1040, for the 1992 tax year. Defendant avers that the Internal Revenue Service received the tax return on October 19, 1993. Defendant states that it lacks information sufficient to form a belief as to the truth of the allegation that the tax return was filed "with the IRS Center in Fresno, California."

Defendant avers that the tax return was processed in the Internal Revenue Service center in Ogden, Utah.

19. In response to paragraph 19 of the Complaint, defendant avers that the names and addresses on the 1992 U.S. Individual Income Tax Return, Form 1040, are “Gene H. Yamagata; 7919 Bermuda Dunes; Las Vegas NV 89113.” Defendant admits that paragraph 19 of the Complaint correctly identifies the social security number (XXX-XX-2509) that appears on plaintiff’s 1992 U.S. Individual Income Tax Return, Form 1040.

20. In response to paragraph 20 of the Complaint, defendant avers that plaintiff made seven separate income tax payments for the 1992 tax year – on April 20, 1992, June 18, 1992, January 15, 1993, August 19, 1993, October 19, 1993, February 4, 1994, and August 15, 1994. Defendant avers that those seven payments totaled $3,212,667.49 (not $1,626,385, as plaintiff alleges). Defendant avers that credits of $109.51 and $426,275.84 from a prior tax period were applied to the 1992 tax year on November 16, 1992, and April 15, 1992, respectively. Defendant denies that any of these sums was applied to the 1993 tax period, as plaintiff alleges. Defendant states that plaintiff’s assertion that the payments were timely constitutes legal argument to which no response is required.

21. In response to paragraph 21 of the Complaint, defendant admits that the U.S. Competent Authority sent a letter dated June 13, 2002 to Terrence D. Woolston, Esq. with a case reference of "Aloe Vera of America (97-169 - A, et al.)". Defendant states that the letter speaks for itself as to its content, and plaintiff's characterization of the letter is legal argument to which no response is required. Defendant denies that Exhibit B to the Complaint is a true copy of the letter. Defendant avers that the first page of Exhibit B is stamped "June 25, 2002," while the copy which appears in the files of the Internal Revenue Service is not.

22. In response to the first sentence of paragraph 22 of the Complaint, defendant admits that plaintiff submitted a 1040X Amended U.S. Individual Income Tax Return for the 1992 tax year to the Internal Revenue Service; defendant further avers that the 1040X was dated May 29, 2003, was postmarked June 3, 2003, and was stamped "RECEIVED" on June 4, 2003. Defendant admits that plaintiff submitted a separate 1040X Amended U.S. Individual Income Tax Return for the 1992 tax year to the Internal Revenue Service; defendant further avers that this 1040X was dated July 24, 2003, was postmarked July 27, 2003, was accompanied by a cover letter dated July 28, 2003, and was stamped

"RECEIVED" on July 29, 2003. In response to the second and third sentences of paragraph 22 of the Complaint, defendant states that the 1040X amended returns speak for themselves as to their content, and plaintiff's characterization of those documents constitutes legal argument to which no response is required. Defendant states that the assertion that the amended returns were timely constitutes legal argument to which no response is required. In response to the fourth sentence of paragraph 22 of the Complaint, defendant denies that Exhibit E is a true copy of the 1040X Amended U.S. Individual Income Tax Return for the 1992 year that was dated July 24, 2003. Defendant avers that page 148 of Exhibit E is absent from the copy that appears in the files of the Internal Revenue Service. Defendant avers that page 134 of Exhibit E differs from the corresponding page in the files of the Internal Revenue Service, on which various IRS stamps appear. Defendant avers that Exhibit E of the Complaint omits attachments to the 1040X that appear in the files of the Internal Revenue Service, and the documents incorporated by reference are not identical to the omitted attachments.

23. In response to the first sentence of paragraph 23 of the Complaint, defendant admits that the Internal Revenue Service sent to

plaintiff a Certified Notice of Claim Disallowance dated September 29, 2005 and states that the remainder of the first sentence constitutes legal argument to which no response is required. In response to the second sentence of paragraph 23 of the Complaint, defendant admits that, but for the page numbers added by plaintiff, Exhibit F to the Complaint is a true copy of the Certified Notice of Claim Disallowance.

24. In response to paragraph 24 of the Complaint, defendant states that the Certified Notice of Claim Disallowance speaks for itself as to its content, and plaintiff's characterization of the document is legal argument to which no response is required.

25. In response to paragraph 25 of the Complaint, defendant states that the 1992 tax return speaks for itself as to its content, and plaintiff's characterization of the document is legal argument to which no response is required.

26. In response to paragraph 26 of the Complaint, defendant states that the allegation is ambiguous, as it does not specify which of the two refund claims it refers to. In any event, the 1992 refund claims speak for themselves as to their content, and plaintiff's characterization of the documents is legal argument to which no response is required.

27. In response to paragraph 27 of the Complaint, defendant denies that it is proper to treat Forever Living Products Japan "as a partnership for United States income tax purposes." Defendant further denies that, if Forever Living Products Japan were treated "as a partnership for United States income tax purposes," plaintiff "has overpaid his federal income tax for 1992 in the amount of $1,887,187. Defendant specifically denies that plaintiff is entitled to any refund of income tax for the tax year 1992.

**THIRD CLAIM FOR RELIEF (1993 Tax Year)**

28. In response to paragraph 28 of the Complaint, defendant admits that plaintiff filed a federal income tax return, Form 1040, for the 1993 tax year. Defendant avers that the Internal Revenue Service received the tax return on October 17, 1994. Defendant denies that the tax return was filed "with the IRS Center in Fresno, California." Defendant avers that the tax return was filed in Las Vegas, Nevada and processed in the Internal Revenue Service center in Ogden, Utah.

29. In response to paragraph 29 of the Complaint, defendant avers that the names and addresses on the 1993 U.S. Individual Income Tax Return, Form 1040, are "Gene H. Yamagata; 7919 Bermuda Dunes; Las

Vegas NV 89113." Defendant admits that paragraph 29 of the Complaint correctly identifies the social security number (XXX-XX-2509) that appears on plaintiff's 1993 U.S. Individual Income Tax Return, Form 1040.

30. In response to paragraph 30 of the Complaint, defendant avers that plaintiff made four separate income tax payments for the 1993 tax year – on April 15, 1993, June 17, 1993, August 17, 1994, and December 22, 1994. Defendant avers that those four payments totaled $3,640,542.48 (not $3,380,000, as plaintiff alleges). Defendant denies that $98,047 was "to be refunded to Yamagata as an overpayment." Defendant states that plaintiff's assertion that the payments were timely constitutes legal argument to which no response is required.

31. In response to paragraph 31 of the Complaint, defendant admits that plaintiff submitted a 1040X Amended U.S. Individual Income Tax Return for the 1993 tax year to the Internal Revenue Service; defendant further avers that the return was dated April 15, 1997, and was stamped "RECEIVED" on April 17, 1997. Defendant avers that the 1040X reported that "the taxpayer received an Amended K-1 from Yamagata Holdings, Inc." and claimed an entitlement to a refund of $105,862. Defendant avers that the $105,862 was refunded to plaintiff on September

22, 1997, along with other sums due to plaintiff for the 1993 tax year. Defendant denies that $105,862 was applied to the 1997 tax year. Defendant denies that Exhibit G is a true copy of the 1040X Amended U.S. Individual Income Tax Return for the 1993 year that was dated April 17, 1997.

32. In response to paragraph 32 of the Complaint, defendant admits that the U.S. Competent Authority sent a letter dated June 13, 2002 to Terrence D. Woolston, Esq. with a case reference of "Aloe Vera of America (97-169 - A, et al.)". Defendant states that the letter speaks for itself as to its content, and plaintiff's characterization of the letter is legal argument to which no response is required. Defendant denies that Exhibit B to the Complaint is a true copy of the letter. Defendant avers that the first page of Exhibit B is stamped "June 25, 2002," while the copy which appears in the files of the Internal Revenue Service is not.

33. In response to the first sentence of paragraph 33 of the Complaint, defendant admits that plaintiff submitted a 1040X Amended U.S. Individual Income Tax Return for the 1993 tax year to the Internal Revenue Service; defendant further avers that the 1040X was dated May 29, 2003, was postmarked June 3, 2003, and was stamped "RECEIVED"

on June 4, 2003. Defendant admits that plaintiff submitted a separate 1040X Amended U.S. Individual Income Tax Return for the 1993 tax year to the Internal Revenue Service; defendant further avers that this 1040X was dated July 24, 2003, was postmarked July 27, 2003, was accompanied by a cover letter dated July 28, 2003, and was stamped "RECEIVED" on July 29, 2003. In response to the second and third sentences of paragraph 33 of the Complaint, defendant states that the 1040X amended returns speak for themselves as to their content, and plaintiff's characterization of those documents constitutes legal argument to which no response is required. Defendant states that the assertion that the amended returns were timely constitutes legal argument to which no response is required. In response to the fourth sentence of paragraph 33 of the Complaint, defendant denies that Exhibit H is a true copy of the 1040X Amended U.S. Individual Income Tax Return for the 1993 year that was dated July 24, 2003. Defendant avers that page 179 of Exhibit H is absent from the copy that appears in the files of the Internal Revenue Service. Defendant avers that page 162 of Exhibit H differs from the corresponding page in the files of the Internal Revenue Service, on which various IRS stamps appear. Defendant avers that Exhibit H of the

Complaint omits attachments to the 1040X that appear in the files of the Internal Revenue Service, and the documents incorporated by reference are not identical to the omitted attachments.

34. In response to the first sentence of paragraph 34 of the Complaint, defendant admits that the Internal Revenue Service sent to plaintiff a Certified Notice of Claim Disallowance dated September 29, 2005 and states that the remainder of the first sentence constitutes legal argument to which no response is required. In response to the second sentence of paragraph 34 of the Complaint, defendant admits that, but for the page numbers added by plaintiff, Exhibit I to the Complaint is a true copy of the Certified Notice of Claim Disallowance.

35. In response to paragraph 35 of the Complaint, defendant states that the Certified Notice of Claim Disallowance speaks for itself as to its content, and plaintiff's characterization of the document is legal argument to which no response is required.

36. In response to paragraph 36 of the Complaint, defendant states that the 1993 tax return speaks for itself as to its content, and plaintiff's characterization of the document is legal argument to which no response is required.

37. In response to paragraph 37 of the Complaint, defendant states that the allegation is ambiguous, as it does not specify which of the two refund claims it refers to. In any event, the 1993 refund claims speak for themselves as to their content, and plaintiff's characterization of the documents is legal argument to which no response is required.

38. In response to paragraph 38 of the Complaint, defendant denies that it is proper to treat Forever Living Products Japan "as a partnership for United States income tax purposes." Defendant further denies that, if Forever Living Products Japan were treated "as a partnership for United States income tax purposes," plaintiff "has overpaid his federal income tax for 1993 in the amount of $2,936,531. Defendant specifically denies that plaintiff is entitled to any refund of income tax for the tax year 1993.

**FOURTH CLAIM FOR RELIEF (1994 Tax Year)**

39. In response to paragraph 39 of the Complaint, defendant admits that plaintiff filed a federal income tax return, Form 1040, for the 1994 tax year. Defendant avers that the Internal Revenue Service received the tax return on October 16, 1995. Defendant denies that the tax return was filed "with the IRS Center in Fresno, California." Defendant

avers that the tax return was filed in Las Vegas, Nevada and processed in the Internal Revenue Service center in Ogden, Utah.

40. In response to paragraph 40 of the Complaint, defendant avers that the names and addresses on the 1993 U.S. Individual Income Tax Return, Form 1040, are “GENE H. YAMAGATA; 105 EAST RENO AVE #15; LAS VEGAS NV 89119.” Defendant admits that paragraph 40 of the Complaint correctly identifies the social security number (XXX-XX-2509) that appears on plaintiff’s 1994 U.S. Individual Income Tax Return, Form 1040.

41. In response to paragraph 41 of the Complaint, defendant avers that plaintiff made a payment of $5,047,300 for the 1994 tax year on April 15, 2005. Defendant admits that $1,947,955 of this sum was applied to a later tax year. Defendant avers that plaintiff made two other payments for the 1994 tax year – $163,327.44 on August 24, 1999, and $1,554.85 on October 18, 1999. Defendant avers that an additional $765,116 that had been paid for a later tax year was applied to the 1994 tax year on April 15, 1996. Defendant states that plaintiff’s assertion that the payments were timely constitutes legal argument to which no response is required.

42. In response to paragraph 42 of the Complaint, defendant admits that plaintiff submitted a 1040X Amended U.S. Individual Income Tax Return for the 1994 tax year; defendant further avers that the 1040X was undated and was stamped “RECEIVED” on April 17, 1997. Defendant denies that “the changes resulted in an overpayment of $317,326, which Yamagata applied to 1997.” Defendant denies that Exhibit J is a true copy of the 1040X. Defendant avers that Exhibit J fails to include various additional pages also submitted as part of the refund claim. Defendant also avers that page 184 of Exhibit J differs from the corresponding page in the files of the Internal Revenue Service, on which various IRS stamps appear.

43. Defendant admits the first two sentences of paragraph 43 of the Complaint. In response to the third sentence of paragraph 43 of the Complaint, defendant admits that, but for the page numbers added by plaintiff, Exhibit K to the Complaint is a true copy of the Income Tax Examination Changes.

44. In response to paragraph 44 of the Complaint, defendant admits that the U.S. Competent Authority sent a letter dated June 13, 2002 to Terrence D. Woolston, Esq. with a case reference of “Aloe Vera of

America (97-169 - A, et al.)". Defendant states that the letter speaks for itself as to its content, and plaintiff's characterization of the letter is legal argument to which no response is required. Defendant denies that Exhibit B to the Complaint is a true copy of the letter. Defendant avers that the first page of Exhibit B is stamped "June 25, 2002," while the copy which appears in the files of the Internal Revenue Service is not.

45. In response to the first sentence of paragraph 45 of the Complaint, defendant admits that plaintiff submitted a 1040X Amended U.S. Individual Income Tax Return for the 1994 tax year to the Internal Revenue Service; defendant further avers that the 1040X was dated May 29, 2003, was postmarked June 3, 2003, and was stamped "RECEIVED" on June 4, 2003. Defendant admits that plaintiff submitted a separate 1040X Amended U.S. Individual Income Tax Return for the 1994 tax year to the Internal Revenue Service; defendant further avers that this 1040X was dated July 24, 2003, was postmarked July 27, 2003, was accompanied by a cover letter dated July 28, 2003, and was stamped "RECEIVED" on July 29, 2003. In response to the second and third sentences of paragraph 45 of the Complaint, defendant states that the 1040X amended returns speak for themselves as to their content, and

plaintiff's characterization of those documents constitutes legal argument to which no response is required. Defendant states that the assertion that the amended returns were timely constitutes legal argument to which no response is required. In response to the fourth sentence of paragraph 45 of the Complaint, defendant denies that Exhibit L is a true copy of the 1040X Amended U.S. Individual Income Tax Return for the 1993 year that was dated July 24, 2003. Defendant avers that page 213 of Exhibit L is absent from the copy that appears in the files of the Internal Revenue Service. Defendant avers that page 196 of Exhibit L differs from the corresponding page in the files of the Internal Revenue Service, on which various IRS stamps appear. Defendant avers that Exhibit L of the Complaint omits attachments to the 1040X that appear in the files of the Internal Revenue Service, and the documents incorporated by reference are not identical to the omitted attachments.

46. In response to the first sentence of paragraph 46 of the Complaint, defendant admits that the Internal Revenue Service sent to plaintiff a Certified Notice of Claim Disallowance dated September 29, 2005 and states that the remainder of the first sentence constitutes legal argument to which no response is required. In response to the second

sentence of paragraph 46 of the Complaint, defendant admits that, but for the page numbers added by plaintiff, Exhibit M to the Complaint is a true copy of the Certified Notice of Claim Disallowance.

47. In response to paragraph 47 of the Complaint, defendant states that the Certified Notice of Claim Disallowance speaks for itself as to its content, and plaintiff's characterization of the document is legal argument to which no response is required.

48. In response to paragraph 48 of the Complaint, defendant states that the 1994 tax return speaks for itself as to its content, and plaintiff's characterization of the document is legal argument to which no response is required.

49. In response to paragraph 49 of the Complaint, defendant states that the allegation is ambiguous, as it does not specify which of the two refund claims it refers to. In any event, the 1994 refund claims speak for themselves as to their content, and plaintiff's characterization of the documents is legal argument to which no response is required.

50. In response to paragraph 50 of the Complaint, defendant denies that it is proper to treat Forever Living Products Japan "as a partnership for United States income tax purposes." Defendant further

denies that, if Forever Living Products Japan were treated "as a partnership for United States income tax purposes," plaintiff "has overpaid his federal income tax for 1994 in the amount of $2,834,044. Defendant specifically denies that plaintiff is entitled to any refund of income tax for the tax year 1994.

**FIFTH CLAIM FOR RELIEF (1996 Tax Year)**

51. In response to paragraph 51 of the Complaint, defendant admits that plaintiff filed a federal income tax return, Form 1040, for the 1996 tax year. Defendant avers that the Internal Revenue Service received the tax return on October 22, 1997. Defendant states that it lacks information sufficient to form a belief as to the truth of the allegation that the tax return was filed "with the IRS Center in Fresno, California." Defendant avers that the tax return was processed in the Internal Revenue Service center in Ogden, Utah.

52. In response to paragraph 52 of the Complaint, defendant avers that the names and addresses on the 1993 U.S. Individual Income Tax Return, Form 1040, are "GENE H. YAMAGATA; 275 E. TROPICANA, STE 220; LAS VEGAS NV 89109." Defendant admits that paragraph 52 of the Complaint correctly identifies the social security number (XXX-XX-2509)

that appears on plaintiff's 1996 U.S. Individual Income Tax Return, Form 1040.

53. In response to paragraph 53 of the Complaint, defendant admits that plaintiff paid, on or before April 15, 1997, income taxes of $7,345,872 for the 1996 tax year, including $1,983,644 to be applied to a later tax year. Defendant states that it lacks information sufficient to form a belief as to the truth of the allegation that the payments were made to "the IRS Center in Fresno, California." Defendant avers that the payments were processed by the Internal Revenue Service center in Ogden, Utah. Defendant states that plaintiff's assertion that the payments were timely constitutes legal argument to which no response is required.

54. In response to paragraph 54 of the Complaint, defendant admits that the U.S. Competent Authority sent a letter dated June 13, 2002 to Terrence D. Woolston, Esq. with a case reference of "Aloe Vera of America (97-169 - A, et al.)". Defendant states that the letter speaks for itself as to its content, and plaintiff's characterization of the letter is legal argument to which no response is required. Defendant denies that Exhibit B to the Complaint is a true copy of the letter. Defendant avers that the

first page of Exhibit B is stamped “June 25, 2002,” while the copy which appears in the files of the Internal Revenue Service is not. In response to the first sentence of paragraph 55 of the Complaint, defendant admits that plaintiff submitted a 1040X Amended U.S. Individual Income Tax Return for the 1996 tax year to the Internal Revenue Service; defendant further avers that the 1040X was dated May 29, 2003 and was stamped “RECEIVED” on June 4, 2003. Defendant admits that plaintiff submitted a separate 1040X Amended U.S. Individual Income Tax Return for the 1996 tax year to the Internal Revenue Service; defendant further avers that this 1040X was dated July 24, 2003, was postmarked July 27, 2003, was accompanied by a cover letter dated July 28, 2003, and was stamped “RECEIVED” on July 29, 2003. In response to the second and third sentences of paragraph 55 of the Complaint, defendant states that the 1040X amended returns speak for themselves as to their content, and plaintiff’s characterization of those documents constitutes legal argument to which no response is required. Defendant admits that the amended returns were timely. Defendant states that the assertion that the amended returns were timely constitutes legal argument to which no response is required. In response to the fourth sentence of paragraph 55 of the Complaint, defendant denies that Exhibit

N is a true copy of the 1040X Amended U.S. Individual Income Tax Return for the 1993 year that was dated July 24, 2003. Defendant avers that page 241 of Exhibit N is absent from the copy that appears in the files of the Internal Revenue Service. Defendant avers that page 218 of Exhibit N differs from the corresponding page in the files of the Internal Revenue Service, on which various IRS stamps appear. Defendant avers that Exhibit N of the Complaint omits attachments to the 1040X that appear in the files of the Internal Revenue Service, and the documents incorporated by reference are not identical to the omitted attachments.

56. In response to the first sentence of paragraph 56 of the Complaint, defendant admits that the Internal Revenue Service sent to plaintiff a Certified Notice of Claim Disallowance dated September 29, 2005 and states that the remainder of the first sentence constitutes legal argument to which no response is required. In response to the second sentence of paragraph 46 of the Complaint, defendant admits that, but for the page numbers added by plaintiff, Exhibit O to the Complaint is a true copy of the Certified Notice of Claim Disallowance.

57. In response to paragraph 57 of the Complaint, defendant states that the Certified Notice of Claim Disallowance speaks for itself as to its

content, and plaintiff's characterization of the document is legal argument to which no response is required.

58. In response to paragraph 58 of the Complaint, defendant states that the 1996 tax return speaks for itself as to its content, and plaintiff's characterization of the document is legal argument to which no response is required.

59. In response to paragraph 59 of the Complaint, defendant states that the allegation is ambiguous, as it does not specify which of the two refund claims it refers to. In any event, the 1996 refund claims speak for themselves as to their content, and plaintiff's characterization of the documents is legal argument to which no response is required.

60. In response to paragraph 60 of the Complaint, defendant denies that it is proper to treat Forever Living Products Japan "as a partnership for United States income tax purposes." Defendant further denies that, if Forever Living Products Japan were treated "as a partnership for United States income tax purposes," plaintiff "has overpaid his federal income tax for 1996 in the amount of $1,485,708. Defendant specifically denies that plaintiff is entitled to any refund of income tax for the tax year 1996.

## RESPONSE TO PLAINTIFF'S CONCLUSORY ALLEGATIONS

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. In response to paragraph 62 of the Complaint, defendant admits that no action has been taken on the refund claims by Congress, in any judicial proceeding, or in the Tax Court of the United States. Defendant avers that the Internal Revenue Service acted on the refund claims beyond the "IRS Notices of Disallowance accompanying" plaintiff's Complaint.

63. In response to paragraph 63 of the Complaint, defendant denies that the Internal Revenue Service's calculations were erroneous. Defendant denies that any refund calculations that plaintiff submitted were correct. Defendant denies that plaintiff is entitled a refund of tax for any of the years in suit.

64. In response to paragraph 64 of the Complaint, defendant admits that in a letter dated September 5, 2007, plaintiff requested Appeals Office consideration of his refund claims for tax years 1991 through 1996, inclusive. Defendant denies that the Internal Revenue Service declined to follow "standard IRS procedures" with respect to this request.

65. In response to paragraph 65 of the Complaint, defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

66. In response to the prayer for relief, defendant denies that plaintiff is entitled to any of the relief that he seeks in his Complaint.

## AFFIRMATIVE DEFENSES

67. **Duty of consistency.** Plaintiff represented, in connection with his tax returns for the years in suit, that Forever Living Products Japan should be classified as a corporation for United States income tax purposes. If, as plaintiffs allege, Forever Living Products Japan should instead be classified as a partnership for United States income tax purposes for one or more of the years in suit, the resulting reclassification of Forever Living Products Japan would have various affects that would increase plaintiff's tax income tax and/or excise tax liability to the United States. Plaintiff's tax liability would increase both for some of the years in suit and for other years. To the extent that reclassification of Forever Living Products Japan would increase plaintiff's various tax liabilities to the United States, the United States may be foreclosed by statutes of limitation from assessing plaintiff with those additional tax liabilities. The duty of

consistency precludes plaintiff's attempt to reclassify Forever Living Products Japan as a partnership.

68. **Equitable Estoppel.** Plaintiff represented, in connection with his tax returns for the years in suit, that Forever Living Products Japan should be classified as a corporation for United States income tax purposes. If, as plaintiffs allege, Forever Living Products Japan should instead be classified as a partnership for United States income tax purposes for one or more of the years in suit, the resulting reclassification of Forever Living Products Japan would have various affects that would increase plaintiff's tax income tax and/or excise tax liability to the United States. Plaintiff's tax liability would increase both for some of the years in suit and for other years. To the extent that reclassification of Forever Living Products Japan would increase plaintiff's various tax liabilities to the United States, the United States may be foreclosed by statutes of limitation from assessing plaintiff with those additional tax liabilities. Accordingly, plaintiff is estopped from asserting in this proceeding that Forever Living Products Japan should be classified as a partnership for United States income tax purposes.

69. **Equitable Recoupment/Set-off.** Plaintiff represented, in connection with his tax returns for the years in suit, that Forever Living Products Japan should be classified as a corporation for United States income tax purposes. If, as plaintiffs allege, Forever Living Products Japan should instead be classified as a partnership for United States income tax purposes for one or more of the years in suit, the resulting reclassification of Forever Living Products Japan would have various affects that would increase plaintiff's tax income tax and/or excise tax liability to the United States. Plaintiff's tax liability would increase both for some of the years in suit and for other years. To the extent that reclassification of Forever Living Products Japan would increase plaintiff's various tax liabilities to the United States, any tax refund due to plaintiffs must be reduced by the amount of those increased liabilities, notwithstanding any potentially applicable statutes of limitation.

WHEREFORE, defendant prays that the Complaint of plaintiff Gene H. Yamagata be dismissed with prejudice, with defendant's costs to be taxed against plaintiff, and with such other relief as the Court deems meet in the premises.

Respectfully submitted,

s/Jason Bergmann
JASON BERGMANN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616 3425

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

January 25, 2007