# In the United States Court of Federal Claims

No. 07-698T

(Filed: November 30, 2007)

******************************************

| | | |
|---|---|---|
| GENE H. YAMAGATA, | * | |
| *Plaintiff,* | * | |
| | * | |
| v. | * | **MOTION FOR MORE** |
| | * | **DEFINITE STATEMENT** |
| THE UNITED STATES OF AMERICA, | * | **(**CORRECTED) |
| *Defendant.* | * | |
| | * | |

******************************************

Pursuant to the Court's Order dated February 19, 2008, Plaintiff, under Rule 12(e), Rules of the United States Court of Federal Claims ("RCFC"), moves this Court to enter an order requiring Defendant to file a more definite statement of its asserted "affirmative defense" of recoupment and/or set-off. This Motion is supported by the following Memorandum of Points and Authorities, which is incorporated by reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant has raised the affirmative defenses of "set-off" and "recoupment." (Answer ¶ 69.) Plaintiff moves for a more definite statement.

Defendant's basis for the set-off is that "the resulting reclassification of Forever Living Products Japan would have various affects that would increase plaintiff's income tax and/or excise tax liability to the United States. Plaintiff's tax liability would increase both for some of the years in suit and for other years." (Id.) Defendant employs the same language in the other affirmative defenses asserted in the Answer. (Id. ¶ ¶ 67-68.)

Defendant's Answer, however, omits any explanation of the defense, such as the specific years affected, the type or amount of any income or excise tax or other fundamental elements of the set-off claim. Consequently, Plaintiff is unable to frame a responsive pleading because of the vague and ambiguous language in the Answer.

Plaintiff believes that any set-off is a compulsory counterclaim in this case. See, Boers v. United States, 44 Fed. Cl. 725, 732-33 (1999) (stating that if United State's asserted set-off sought to "reduce the amount of what would otherwise be the judgment in this case to zero to reflect the offset decision, that offset would clearly be a compulsory counterclaim"); RCFC 13(a) (defining compulsory counterclaim as one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim"). Under the Rules, Defendant is required to plead the compulsory counterclaim with specificity at the time of and in

its answer. See RCFC 13(a). Defendant failed to do so. The Court should order Defendant to plead the factual basis of the set-off in sufficient detail to permit Plaintiff to frame a meaningful reply to the set-off.

Based on the foregoing, Plaintiff respectfully requests this Court to enter an order requiring Defendant to file a more definite statement with specificity and/or as a compulsory counterclaim.

RESPECTFULLY submitted this 20th day of February, 2008.

GRANT & VAUGHN, P.C.

By/s/ Merwin D. Grant

Merwin D. Grant
6225 North 24th Street, Suite 125
Phoenix, Arizona 85016
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been filed via ECF with a copy transmitted electronically this 20th day of February, 2008, to:

JASON BERMANN
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, DC 20044

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

By: /s/ Dianna L. Knothe