IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-698 T

(Judge Lawrence M. Baskir)

---

GENE H. YAMAGATA,

Plaintiff

v.

UNITED STATES,

Defendant

---

# RESPONSE TO PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT AND DEFENDANT'S CROSS-MOTION FOR LEAVE TO FILE AMENDED ANSWER

---

# TABLE OF CONTENTS

I. INTRODUCTION AND STATEMENT OF THE CASE 1

II. RESPONSE TO PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT 4

A. Reclassification of FLPJ from a corporation to a partnership could affect plaintiff's tax situation in various ways; the precise effects cannot be settled at this stage of the case. 4

B. Defendant's answer is sufficiently specific. 8

C. The equitable-recoupment defense in defendant's answer is not a counterclaim. 10

III. DEFENDANT'S CROSS-MOTION FOR LEAVE TO FILE AN AMENDED ANSWER 11

IV. CONCLUSION 13

EXHIBIT A – Defendant's Proposed Amended Answer

# TABLE OF AUTHORITIES

CASES


| | |
|---|---|
| *United States v. Dalm*, 494 U.S. 596 (1990) | 10-11 |
| *Davison v. Santa Barbara High Sch. Dist.*, 48 F. Supp 2d 1225 (1998) | 9 |
| *Fed. Air Marshals v. United States*, 74 Fed Cl. 484 (2006) | 9 |
| *Last v. United States*, 37 Fed. Cl. 1 (1996) | 10,11 |
| *Resolution Trust Corp. v. Gershman*, 829 F. Supp. 1095, (E.D. Mo. 1993) | 9 |


STATUTES, REGULATIONS, AND ADMINISTRATIVE MATERIALS


| | |
|---|---|
| 26 CFR § 301.7701-1, *et seq.* | 6 |
| Rev. Rul. 63-107, 1963-1 C.B. 71, 72 | 5 |


OTHER AUTHORITIES


| | |
|---|---|
| RCFC 8(a) | 4, 8-9 |
| RCFC 8(b) | 8 |
| RCFC 8(c) | 11 |
| RCFC 8(e) | 8 |
| RCFC 12(e) | 9 |

## **TABLE OF AUTHORITIES (continued)**

OTHER AUTHORITIES (continued)

Bruce N. Davis and Steven R. Lainoff, *U.S. Taxation of Foreign Joint Ventures*, 46 Tax. L. Rev. 165, 170 n.15 (1991) 5, 7

Defendant, the United States of America, submits the following response to plaintiff's motion for a more definite statement and cross-motion for leave to file an amended answer:

## I. **INTRODUCTION AND STATEMENT OF THE CASE**

This is a tax refund case. Plaintiff Gene H. Yamagata seeks a refund of personal income taxes paid in five tax years (1991, 1992, 1993, 1994, and 1996). In his complaint, plaintiff states that he previously classified Forever Living Products Japan ("FLPJ") – a Japanese entity – as a corporation under U.S. tax law. (*See* Complaint ¶¶ 15, 25, 36, 48, 58.) Plaintiff claims that FLPJ now should be reclassified as a partnership under U.S. tax law, entitling him to a tax refund. (*See* Complaint ¶¶ 16, 26, 37, 49, 59.)

Plaintiff asserts that the change in classification of FLPJ from a corporation to a partnership would reduce his income tax liability by almost $10 million during the years in suit. (*See* Complaint, Prayer for Relief.) According to plaintiff, FLPJ's reclassification would change the computation of his tax liability in two material ways:

(1) It would increase plaintiff's foreign source income, which would consequently increase plaintiff's income tax liability.

(2) At the same time, plaintiff could claim additional foreign tax

> credits, which would consequently reduce the income taxes that plaintiff owed.

(*See* Complaint, ¶¶ 17, 27, 38, 50, 60.) Plaintiff alleges that, because the additional foreign tax credits would have a greater effect than the increased foreign source income, on balance his income taxes owed would decline during the years in suit. (*Id.*)

Defendant is defending this lawsuit because there is no factual or legal support for plaintiff's after-the-fact attempt to reclassify FLPJ as a partnership. FLPJ should continue to be classified as a corporation during each of the years in suit, and plaintiff's tax-refund claims should be rejected on that basis.

But even if plaintiff were to prevail on the entity-classification issue, the tax effects of that reclassification are more complex than plaintiff alleged. Notwithstanding plaintiff's allegations, reclassification could *increase* the taxes plaintiff owes for some of the years in suit. Reclassification may also cause plaintiff to owe tax in other years as well.

Defendant pled three affirmative defenses based on the additional taxes that plaintiff might owe as a result of FLPJ's reclassification as a partnership. The affirmative defenses allege:

(1) Plaintiff's claims are barred by the duty of consistency, because plaintiff previously classified FLPJ as a corporation and FLPJ cannot be effectively reclassified as a partnership, due to statutes of limitation that preclude the assessment of tax that plaintiff would owe in closed periods.

(2) Plaintiff's claims are barred by the doctrine of equitable estoppel for the same reason.

(3) To the extent that reclassification of FLPJ would increase the tax owed by plaintiff to the United States, any tax refund otherwise due to plaintiff should be reduced by the amount of additional tax owed, under the doctrines of equitable recoupment and/or set-off.

Plaintiff moved for a more definite statement of the affirmative defense for equitable recoupment and/or set-off. In his motion, plaintiff complains that defendant's answer "omits any explanation of the defense, such as the specific years affected, the type or amount of any income or excise tax or other fundamental elements of the set-off claim." (Motion at 2.)

If FLPJ were reclassified as a partnership, the ensuing tax consequences would depend on the grounds that the Court might express for changing FLPJ's classification. The precise consequences would further depend on facts that are known to plaintiff but not to defendant. Thus, at this stage of the proceedings, it is not possible to allege and quantify all of the tax consequences that may result. An answer, like a

complaint, need not, should not, and in this case cannot set out in full detail all of the evidence on which it is based. RCFC 8(a) instead directs parties to submit a "short and plain" statement of their claims and defenses. Defendant believes that its original answer satisfies that directive.

Nonetheless, in an effort to address plaintiff's concern, defendant prepared an amended answer that further outlines the general tax consequences that could affect plaintiff if FLPJ were reclassified as a partnership. Defendant is moving for leave of Court to file this amended answer. (Defendants' Proposed "Amended Answer and Counterclaim" is attached as Exhibit A hereto.)

## II. RESPONSE TO PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT

### A. Reclassification of FLPJ from a corporation to a partnership could affect plaintiff's tax situation in various ways; the precise effects cannot be settled at this stage of the case.

FLPJ's reclassification as a partnership would have many tax consequences, which fall into three broad categories: (1) those that occur at the time of FLPJ's reclassification from a corporation to a partnership; (2) those that affect each of the tax years during which FLPJ would be classified as a partnership; and (3) those that occur when FLPJ's

classification reverts (as it must under subsequent rules) from a partnership back to a corporation. Each could cause plaintiff to owe additional tax that may offset any refund due to plaintiff.

First, FLPJ's claimed reclassification would have tax consequences at the time it would occur, when there would be a deemed liquidation of the corporation, followed by a contribution of the distributed assets to the partnership:

> "Like most powerful tools, the ability to affect the classification of the venture can result in unforeseen negative tax consequences if used without an understanding of the implications. For example, a foreign partnership or corporate joint venture may amend its charter or other governing instruments in a manner that changes its classification for U.S. tax purposes. This change is considered to result in a deemed liquidation of the former venture, followed by a deemed recontribution of assets to the new venture. The deemed liquidation and recontribution may trigger gain recognition or other tax consequences under both domestic and international tax provisions."

Bruce N. Davis and Steven R. Lainoff, *U.S. Taxation of Foreign Joint Ventures*, 46 Tax. L. Rev. 165, 170 n.15 (1991); *see also* Rev. Rul. 63-107, 1963-1 C.B. 71, 72. The deemed liquidation of corporate FLPJ could cause plaintiff to realize either a gain or loss in his interest in the entity at the time of the reclassification. The deemed recontribution of assets to

partnership FLPJ could cause plaintiff to owe an excise tax on the transfer of those assets.

Second, during each year of FLPJ's reclassification as a partnership, the computation of the income taxes owed by plaintiff could be affected in various ways. Plaintiff's foreign source income could increase. Plaintiff's dividend income could decline. Plaintiff's deductions could be affected. Plaintiff could potentially claim additional foreign tax credits. Additional adjustments to the computation of plaintiff's tax liability may also be necessary.[1]

Third, FLPJ would experience a second status change when FLPJ would revert from a partnership back to a corporation at the end of the years in suit. At that time, the applicable *Kintner* regulations were superseded by new "check the box" regulations. *See* 26 CFR § 301.7701-1, *et seq.* The new regulations classified FLPJ as a corporation in 1997. If FLPJ were classified as a partnership in 1996, it would revert from a partnership to a corporation when the new regulations took effect.

---

[1] In addition, during each year of FLPJ's reclassification as a partnership, plaintiff could owe excise taxes on the transfer of any property to FLPJ.

As with the earlier change of classification, the reversion of FLPJ from a partnership to a corporation would have its own tax consequences. Reclassification of FLPJ from a partnership to a corporation would result in the deemed liquidation of the partnership and deemed contribution of assets to a new corporation. Davis and Lainoff, *supra*, at 170 n.15. The deemed contribution of assets to the foreign corporation may result in recognition of gain to plaintiff. In addition, depending on the facts, it is possible that the deemed liquidation of the partnership would cause plaintiff to realize gain in his partnership interest.

For each of these three broad effects, the “specific years affected” and “the type or amount of any income or excise tax” cannot be determined at this stage of the case. (*See* Motion at 2). The “specific years affected” will depend on the years for which the Court might reclassify FLPJ as a partnership and the grounds of any such reclassification. The “type or amount” of taxes affected will depend on facts known to plaintiff but not defendant. Such facts include, among other things, the basis of plaintiff’s interest in FLPJ, the value of plaintiff’s interest in FLPJ at the time of any reclassification, the nature and value of FLPJ’s assets at the time of any reclassification, FLPJ’s earnings and profits during pertinent periods of

time, FLPJ's income and deductions that may flow through to plaintiff's tax returns, the taxes paid by FLPJ for which plaintiff may claim a foreign tax credit, and the financial records of the S-corporation through which plaintiff owned shares in FLPJ.

At this stage of the proceedings, it is not possible for the affirmative defenses to say more than defendant expressed in its Answer and proposed amended answer. It would first be necessary for the Court to determine whether FPLJ should be reclassified and, if so, when. Defendant would then need to obtain discovery of the pertinent facts that are known to plaintiff but not to defendant.

**B. Defendant's answer is sufficiently specific.**

Under the notice pleading requirements of the Rules of the Court of Federal Claims, defendants' answer is sufficiently specific. Rule 8(e) states that "[e]ach averment of a pleading shall be simple, concise, and direct." Rule 8(b) requires the Government's affirmative defenses to be pled "in short and plain terms." And Rule 8(a) provides that claims for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief."

Rule 12(e) permits a party to move for a more definite statement where a pleading is "so vague and ambiguous" that a party cannot reasonably be required to frame a response. However, "[t]he law disfavors Rule 12(e) motions. Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail." *Resolution Trust Corp. v. Gershman*, 829 F. Supp. 1095, 1103 (E.D. Mo. 1993) (citations omitted). "If the moving party could obtain the missing detail through discovery, the motion should be denied." *Davison v. Santa Barbara High Sch. Dist.*, 48 F. Supp 2d 1225, 1228 (1998); *see also Fed. Air Marshals v. United States*, 74 Fed Cl. 484, 488 (2006) (denying motion for more definite statement where party could obtain further specificity during discovery).

Here, defendant's affirmative defenses are short, plain, simple, concise, and direct, just as the rules require. Plaintiff's request for further specificity – and particularly for the "specific years affected" and "the type or amount of any income or excise tax" – puts the cart before the horse. (*See* Motion at 2.) Plaintiff is asking the Court, at the outset of the case, to require defendant to plead factual details that are contingent on questions that the Court has not yet decided and that will depend on information in

plaintiff's possession that is presently unknown to defendant. Plaintiff's motion asks that defendant do more than just *plead* its defense; he asks for specific evidence and analysis that are properly the subject of the proceedings that follow after an answer is filed.

### C. The equitable-recoupment defense in defendant's answer is not a counterclaim.

Plaintiff also asks the Court to order defendant to plead its defense for equitable recoupment/set-off as a compulsory counterclaim. (*See* Motion at 2-3.) However, as pled in defendant's answer, the equitable-recoupment defense seeks merely to reduce "any tax refund due to plaintiffs" by "the amount of [plaintiff's] increased [tax] liabilities . . . ." (Answer, ¶ 69.) It seeks only to abate the relief plaintiff seeks, rather than assert an affirmative claim on behalf of the Government.

"The purpose of the doctrine of equitable recoupment is to prevent unjust enrichment by either the taxpayer or government, and it . . . may be invoked by the government to prohibit tax avoidance." *Last v. United States*, 37 Fed. Cl. 1, 8 (1996). Equitable recoupment permits "a party litigating a tax claim in a timely proceeding" to "seek recoupment of a related, and inconsistent, but now time-barred tax claim relating to the same transaction." *United States v. Dalm*, 494 U.S. 596, 608 (1990).

Recoupment is "a defense to another party's tax related claim where the two claims arise out of the same transaction or taxable event." *Last*, 37 Fed. Cl. at 9 (*quoting Harrah v. United States*, 69 F.3d 1448, 1451 (9th Cir. 1995)). It "does not rise to an independent cause of action." *Id.* at 9.

As pled in defendant's answer, the equitable recoupment/set-off issue is an affirmative defense, rather than a counterclaim, because (1) it concerns potential assessments that are barred by applicable statutes of limitation, and (2) it seeks to reduce the amount that plaintiff may recover rather than obtain affirmative relief. Nonetheless, the Court is not bound by the labels that are used if "a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense," and it may "treat the pleading as if there had been a proper designation." RCFC 8(c).

## III. <u>DEFENDANT'S CROSS-MOTION FOR LEAVE TO FILE AN AMENDED ANSWER</u>

Rule 15(a) provides that a party "may amend the party's pleading" with leave of the Court, and "leave shall be freely given when justice so requires." Defendant respectfully requests the Court's leave to file the proposed "Amended Answer and Counterclaim" that is attached hereto.

The attached proposed "Amended Answer and Counterclaim" includes further specificity regarding the tax consequences that could occur

if FLPJ were reclassified from a corporation to a partnership. (*E.g.,* Proposed Amended Answer, ¶¶ 67-79.) Although the rules do not appear to require this additional level of detail, defendant nonetheless proposes to file an amended answer further to enable plaintiff to frame a responsive pleading.

The attached proposed “Amended Answer and Counterclaim” also clarifies that plaintiff’s equitable-recoupment defense applies only “to the extent that the United States is foreclosed by statutes of limitation from assessing plaintiff with the additional taxes owed.” (*See* Proposed Amended Answer, ¶ 82.) However, it also adds an affirmative counterclaim concerning taxes that plaintiff may owe where “the United States is not foreclosed by statutes of limitation from assessing plaintiff.” (*See* Proposed Amended Answer, ¶ 83.) Defendant believes that most of the additional taxes that plaintiff may owe as a result of the reclassification of FLPJ would likely affect closed years. However, because the statute of limitations may not bar the assessment of all additional taxes that may result if FLPJ is reclassified, out of an abundance of caution, defendant proposes to plead a counterclaim to address that circumstance.

## IV. CONCLUSION

For the reasons stated above, defendant respectfully requests that defendant be granted leave to file an amended answer and that plaintiff's motion for a more definite statement should be resolved on that basis.

Respectfully submitted,

s/Jason Bergmann

JASON BERGMANN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616 3425

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm

Of Counsel

February 27, 2008