# In the United States Court of Federal Claims

No. 07-698T

(Filed: March 17, 2008)

| | |
|---|---|
| ***************************************** | |
| GENE H. YAMAGATA, | * |
| *Plaintiff*, | * **REPLY IN SUPPORT** |
| | * **OF MOTION FOR** |
| v. | * **MORE DEFINITE** |
| | * **STATEMENT** |
| THE UNITED STATES OF AMERICA, | * **- AND -** |
| *Defendant*. | * **RESPONSE TO CROSS-** |
| | * **MOTION FOR LEAVE** |
| | * **TO FILE AMENDED** |
| | * **ANSWER** |
| ***************************************** | |

Plaintiff ("Yamagata") replies in support of his Motion for More Definite Statement ("Motion") and responds to Defendant's Cross-Motion for Leave to File Amended Answer ("Cross Motion"). For the reasons that follow, Yamagata's Motion should be granted and Defendant's Cross-Motion denied.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

In its original answer, Defendant pled three affirmative defenses based on the additional taxes that Yamagata might owe as a result of FLPJ's reclassification as a partnership. In response to Yamagata's Motion for More Definite Statement, Defendant prepared a proposed amended answer ("Amended Answer") with three revised affirmative defenses and a new counterclaim "in an effort to address

plaintiff's concern." (Response at 4.) Defendant requests leave to file its amended answer and for Yamagata's Motion to be resolved on that basis. Unfortunately, Defendant's proposed Amended Answer fails to remedy any of the deficiencies in its original Answer; and its new counterclaim adds further ambiguity and creates additional concerns regarding the pleading.

## II. REPLY IN SUPPORT OF YAMAGATA'S MOTION FOR MORE DEFINITE STATEMENT.

The precise income tax effects from reclassifying FLPJ from a corporation to a partnership either are already known to Defendant or are not relevant to the years at issue. Defendant's allegations in its Amended Answer do not support either its revised affirmative defense of set-off or its new counterclaim. These allegations include most of its "affirmative defenses - general allegations" in the Amended Answer. (See Amended Answer ¶¶ 67-79.) As discussed below, Defendant continues its failure to state a sufficient basis for its set-off claim or its new counterclaim in law or in fact.

### A. TAX EFFECTS UNKNOWN TO DEFENDANT ARE NOT AT ISSUE.

Most of the tax effects that Defendant asserts cannot be resolved at this stage of the case are not at issue. (See id.) Yamagata has limited his claims of refund to the years 1991 through 1994 and 1996 ("the years at issue"). (See Complaint.) However, in its Response, Defendant attempts to insert two unrelated tax issues to justify its continued reliance on vague and ambiguous allegations in

both its set-off claim and its counterclaim. Both tax issues are outside of the jurisdiction of this Court.

**1. The deemed liquidation of corporate FLPJ does not impact on the years at issue.**

Amended Answer paragraphs 80-83 do not support either Defendant's set-off claim or its counterclaim. Although FLPJ's conversion to partnership status may have tax consequences from a "deemed liquidation of the corporation," these consequences do not affect the years at issue. (See Response at 5-6.) Defendant's Treasury Decision 8844 has previously determined that, if a taxable liquidation is deemed to occur because of a change in corporate classification, it is treated "as occurring immediately before the close of the day before the effective date of [conversion]." T.D. 8844, 64 Fed. Reg. 66580 (11/29/99) at § I.C. In Yamagata's case, any tax consequences from the deemed liquidation of the corporate FLPJ would occur on December 31, 1990, the day before the effective date of FLPJ's conversion to partnership status.

Furthermore, nothing prevents Defendant from at least identifying the specific year(s) allegedly affected and type of tax (i.e, income or excise) involved in any deemed liquidation.

**2. The possible reversion in 1997 of FLPJ from a partnership back to a corporation does not impact the years at issue.**

Defendant's Amended Answer also does not support either Defendant's set-off claim or its counterclaim. Defendant attempts to obscure the issues in this case by boldly, and without justification, asserting that the new "check the box" regulations will cause FLPJ to revert back to a corporation in 1997. (Response at 6-7.) Even were this reversion a legal certainty (it is not), this change would clearly be an involuntary change in a year beginning after 1996.[1] An involuntary change in entity status under the new regulations does not result in a deemed liquidation or contribution. See T.D. 8844, incorporating the provisions of Rev. Rul. 63-107.

**B. THE VARIOUS TAX EFFECTS THAT ARE ACTUALLY AT ISSUE IN THIS LITIGATION ARE ALREADY KNOWN TO DEFENDANT.**

The Amended Answer concerns the years at issue. However, they fail to state a basis for Defendant's set-off claim or its new counterclaim in law or in fact,

[1] Defendant impliedly assumes that FLPJ is a KK (Kabushiki Kaisha) subject to the check-the-box regulations as a "per se" corporation classification, under Treas. Reg. 301.7701-2(b)(8). That assumption is misplaced. Under the revised check-the-box regulations, FLPJ would be properly classified as a closely held family corporation a type of DK (Dozoku Kaisha) since FLPJ was owned and controlled by fewer than three shareholders. Japanese Corporation Tax Law, Art. 2(x). Accordingly, it is not subject to the new "per se" prohibitions in the regulations and would not be required to revert back to a corporation in 1997.

fail to state the years affected, the type and amount of tax so claimed, and the other fundamental and basic aspects of its claims. Yamagata cannot file an appropriate reply. The claims are so vague and ambiguous that Yamagata cannot reasonably be required to frame a responsive pleading without a more definite statement of Defendant's claims. See RCFC 12(a)(1) and 13(a). Furthermore, Defendant has the information necessary to perfect its pleading. See RCFC 12(a)(1).

It is disingenuous for Defendant to assert in its Response and Amended Answer that the income tax consequences from the reclassification of FLPJ for the years at issue depend on facts known only to Yamagata and not to Defendant. (See Response at 7-8.) That is false. Paragraphs 72 and 75 of Defendant's Amended Answer illustrate Defendant's lack of candor:

> 72. Second, during each year of FLPJ's reclassification as a partnership, the computation of the income taxes owed by plaintiff could be affected in various ways. Plaintiff's foreign source income could increase. Plaintiff's dividend income could decline. Plaintiff's deductions could be affected. Plaintiff could potentially claim additional foreign tax credits. Additional adjustments to the computation of plaintiff's tax liability may also be necessary.
>
> . . . .
>
> 75. The computation of plaintiff's income tax liability for each affected year would depend on each alteration resulting from the reclassification. **Identifying and quantifying the tax consequences of FLPJ's reclassification as a partnership depends on facts known to plaintiff but not defendant.** Such facts include, among other things, FLPJ's income and deductions that may flow through to

> plaintiff's tax returns, the taxes paid by FLPJ for which plaintiff may claim a foreign tax credit, and the financial records of the S-corporation through which plaintiff owned shares in FLPJ.

(Response.) (Emphasis added.)

All of the various income tax issues involved in the reclassification of FLPJ as a partnership for the years at issue have been fully reviewed and calculated in Defendant's Revenue Agent Report ("RAR") a portion of which is attached. (Exhibit "A," Excerpt of RAR.)[2] The refund claims filed for 1991-1994 and 1996 were subject to extensive audit analysis by the IRS from August 2003 through September 2005. Yamagata supplied voluminous documents and information, including the very facts that Defendant now claims are known to Yamagata but not to Defendant. Indeed, in the Alternative Allowance portion of the RAR, the IRS computes the effect of all the various issues that Defendant claims "depends on facts known to plaintiffs but not defendant." (Amended Answer ¶ 71.) These include the following effects from reclassifying FLPJ as a partnership:

- The increase to Yamagata's foreign source income. (Exhibit "A," Excerpt of RAR at 9, 11-14, 19-20.)
- The decline in Yamagata's dividend income. (Id. at 3, 11, 19.)

---

2 The exhibit is the IRS' original RAR. The IRS subsequently amended its computations.

- The effect on Yamagata's deductions. (Id. at 3, 13-14.)
- The additional foreign tax credits available to Yamagata. (Id. at 6-8, 11, 13-14, 20.)
- The additional FLPJ income and deductions that may flow through to Yamagata's tax returns. (Id. at 6, 11, 13-15.)
- The taxes paid by FLPJ for which Plaintiffs may claim a foreign tax credit. (Id. at 6-8, 11, 17-18.)
- The financial records of the S-corporation through which Yamagata owned shares in FLPJ. (Id. at 10, 13, 14.)

Although Yamagata believes that the Alternative Allowance Position RAR substantially understates the applicable refunds available to him, it is clear that the RAR contains the information necessary for Defendant to at least perfect the allegations supporting its supposed set-off claim and counterclaim.[3]

## III. YAMAGATA'S RESPONSE TO DEFENDANT'S CROSS-MOTION FOR LEAVE TO FILE AN AMENDED ANSWER.

Defendant's revised set-off claim and new counterclaim are insufficient under RCFC 12(e). Defendant's proposed set-off claim and counterclaim, if permitted to be filed by this Court, require Yamagata to reply. See RCFC 12(a)(1). Consequently, these claims cannot be so vague or ambiguous that Yamagata

---

[3] The above factual claims lack evidentiary support and the denials of knowledge are not warranted.

cannot reasonably be required to frame a responsive pleading. See RCFC 12(e).[4] Further, a motion for a more definite statement is proper when the Government has sufficient information to perfect its pleading. See Hargrove & Constanzo v. Commissioner, 240 F.R.D. 652, 658 (E.D. Cal. 2006) (counterclaim not sufficient where Government "plainly has the information to perfect its pleading"). As discussed above, the Government clearly has sufficient information to perfect its revised set-off claim for the years at issue and should be ordered to do so.

Defendant's new counterclaim contains an additional allegation that must be clarified before Yamagata can adequately reply. This vague and ambiguous counterclaim includes the unsubstantiated allegation that the statute of limitations may permit Defendant to assess additional taxes, penalties and interest against Yamagata. If there is any support for such an allegation, Defendant has sufficient information in its files to at least plead its basis in law and in fact, the years affected and the type and amount of tax so claimed.

---

[4] See RCFC 8(a) (requiring pleadings, including counterclaims, to contain a plain statement of the court's jurisdiction, that the pleader is entitled to relief, and a demand for the relief sought); see also Mairfair Const. Co. v. United States, 228 Ct. Cl. 850 (1981) (stating that a defendant's "counterclaim is not required to give specific instances of fraudulent conduct . . . [but] to the extent the allegations are made upon information and belief , [at least] supply the plaintiff with the facts upon which such a belief is based").

By Defendant's own admission, this new counterclaim is only proposed "out of an abundance of caution." (Response at 12.) "Defendant believes that most of the additional taxes that [Yamagata] may owe as a result of the reclassification of FLPJ [as a partnership] would likely affect closed years [where the statute of limitations would bar the assessment of all additional taxes]." (Id.) All of the years at issue here are "closed years." (Id.) Defendant's response and its cross-motion are devoid of any such theory or allegation that would permit Defendant to make additional assessments. Therefore, it is impossible for Yamagata to frame a responsive pleading without a more definite statement of Defendant's counterclaim.

Based on the foregoing, Yamagata respectfully requests this Court to enter an order (1) granting Yamagata's Motion; and (2) denying Defendant's Cross-Motion.

RESPECTFULLY SUBMITTED this 17th day of March, 2008.

GRANT & VAUGHN, P.C.

By/s/ Merwin D. Grant
Merwin D. Grant
6225 North 24th Street, Suite 125
Phoenix, Arizona 85016
Attorneys for Yamagata

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been filed via ECF with a copy transmitted electronically this 17th day of March, 2008, to:

JASON BERMANN
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, DC 20044

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

By: /s/ Dianna L. Knothe