# EXHIBIT “A”

ISSUE:

The amount of refund allowable if Forever Living Products – Japan (FLPJ) is allowed to be a partnership for US income tax purposes in 1992, 1993, 1994, 1995 and 1996.

FACTS:

The claim for 1991 was not filed within the 10 year statute of limitations and has been closed separately. The taxpayer does not agree with the statute determination.

After the 1991 through 1996 claims were filed by the taxpayer, a competent authority settlement was reached which affected the 1991 through 1996 returns. Exhibit A-1 contains a copy of the US Competent Authority Disposition Memorandum. Exhibit A-2 contains a copy of the Mutual Agreement Procedure from the Japanese government that was issued to FLPJ. Both agreements state that Japan will decrease the income of FLPJ in 1991 through 1996 for a transfer pricing adjustment as shown in the table below. The US Competent Authority Disposition Memorandum indicates that the net transfer pricing adjustment for US purposes is the difference in the transfer pricing adjustment and the director bonus adjustment made to the Japanese tax return as shown in the table below:

| Year | Transfer Pricing Adjustment: Decrease In FLPJ Income in Yen | Director Bonus Adjustment in Yen | Net Transfer Pricing Adjustment In Yen |
|---|---|---|---|
| 1991 | 946,767,000 | 669,046,000 | 277,721,000 |
| 1992 | 1,666,153,000 | 1,422,070,000 | 244,083,000 |
| 1993 | 1,816,054,000 | 1,778,845,000 | 37,209,000 |
| 1994 | 1,903,598,000 | 1,845,555,000 | 58,043,000 |
| 1995 | 2,070,435,000 | 1,992,459,000 | 77,976,000 |
| 1996 | 2,228,409,000 | 2,143,335,000 | 85,074,000 |

Both agreements also state that Mr. Yamagata will be allowed a credit for withholding tax paid on the bonus amounts actually paid that were adjusted by Japan but not until 1997.

A partnership return was not required to be filed and was not filed by FLPJ. The taxpayer used limited review financial statements prepared by Arthur Andersen & Company to prepare the revised calculations which are contained in Exhibit A-3.

The taxpayer was requested and failed to provided a schedule detailing the foreign source income as shown on the Form 1116. The taxpayer has stated that the following income is foreign sourced income: schedule C income, salaries, dividends from FLPJ, royalty income, flow-through income from Aloe Sales, Inc. and FLPJ.

In 1992, the taxpayer's FLPJ stock was transferred to Yamagata Holdings, Inc. which is a U.S. S Corporation that is 100% owned by the taxpayer. The taxpayer has stated that the Yamagata Holding's holds the stock for FLPJ and Aloe Sales, Inc. The taxpayer has stated that all income shown on Yamagata Holdings, Inc. form K-1 is Japanese sourced income.

Aloe Sales, Inc. is a U.S. S Corporation that is 50% owned by each the taxpayer and Rex Maughan. Aloe Sales, Inc. was established to act as a brokerage, sales, and marketing company for health products manufactured and sold by Aloe Vera of America.

Aloe Vera of America (AVA) is a U.S. S Corporation that is 100% owned by Rex Maughan. FLPJ purchases its aloe and honey-related products from AVA.

The 1994, 1995, and 1996 original returns treated income from Yamagata Holdings, Inc. as passive. The taxpayer included passive income of $ 7,697,843 in 1994, $ 10,178,440 in 1995 and $ 11,301,472 in 1996 from Yamagata Holdings, Inc. on the returns. The form 8582, Passive Activity Loss Limitations, indicates that passive activity losses of $ (6,264,523) in 1994, $ (3,070,324) in 1995 and $ (52,877) in 1996 were absorbed. The taxpayer reported passive income other than from FLPJ of $ 58,275 in 1994, $ 174,043 in 1995 and $ 52,394 in 1996. The taxpayer's representative, Merwin Grant, has agreed that FLPJ is not a passive activity in a letter shown in Exhibit A-4.

The taxpayer provided a schedule indicating the foreign taxes paid in Japan for the years 1991 through 1996. The foreign taxes paid in Japan were affected by the Japanese examination and the competent authority settlement. Exhibit A-5 contains the scheduled provided by the taxpayer.

The taxpayer reported dividend income from FLPJ on the original return, as amended, or pursuant to a revenue agent report of $ 1,176,366 in 1993, $ 6,874,338 in 1994, $ 8,761,184 in 1995, and $ 7,612,006 in 1996. The taxpayer reported no dividend income from FLPJ in 1991 and 1992.

**LAW AND ARGUMENT:**

Internal Revenue Code § 701 states that a partnership shall not be subject to income tax. Persons carrying on a business as partners shall be liable for income tax in their separate or individual capacities.

Internal Revenue Code § 702(a) of the Code provides that each partner shall take into account separately his distributive share of the partnership's taxable income or loss exclusive of items requiring separate computation, his distributive share of the partnership's taxes in section 901 of the Code paid or accrued to foreign countries and to possessions of the United States, and other items of income, gain, or loss deduction, or credit, to the extent provided by the regulations.

**I. COMPUTATION OF FLPJ'S TAXABLE INCOME**

Internal Revenue Code § 703(a) states that taxable income of the partnership shall be computed in the same manner as in the case of an individual except that

1. the items described in section 702(a) shall be separately stated, and
2. certain deductions will not be allowed including personal exemptions, charitable contributions, net operating losses, additional itemized deductions, depletion with respect to oil and gas and taxes described in section 901 paid or accrued to foreign countries and to possessions of the United States.

Internal Revenue Code §985 defines functional currency of a qualified business unit as the currency of the economic environment in which a significant part of such unit's activities are conducted and which is used by such unit in keeping its books and records. Internal Revenue Code § 989(a) defines a qualified business unit (QBU) as a separate and clearly identified unit of a trade or business of a taxpayer which

maintains separate books and records. FLPJ is a qualified business unit which operates in Japan. The books and records for FLPJ are maintained in Yen which is the functional currency of Japan. The taxpayer's functional currency is the US dollar.

Because the taxpayer and FLPJ have different functional currencies, the taxpayer must look to Internal Revenue Code § 987 to compute the taxable income of FLPJ. Internal Revenue Code § 987 states that any taxpayer having 1 or more qualified business units with a functional currency other than the dollar shall determine taxable income as follows:

1. by computing the taxable income or loss separately for each such unit it its functional currency
2. by translating the income or loss separately computed under paragraph (1) at the appropriate exchange rate, and
3. by making proper adjustments for transfers of property between qualified business units of the taxpayer having different functional currencies.

Proposed Treasury Regulation 1.987-1(a) states that Section 987 applies to a qualified business unit of a taxpayer that

1. has a functional currency that is different from that of the taxpayer, and
2. does not use the dollar approximate separate transaction method of accounting as defined in 1.985-3.

Proposed Treasury Regulation 1.987-1(b)(1) states that a qualified business unit branch must use the profit and loss method of accounting. Under the profit and loss method of accounting, the taxable income or loss of a QBU is generally computed as of the close of the taxable year by:

i. preparing a profit and loss statement from the QBU branch's books and records as recorded in the QBU's functional currency;
ii. except as provided in paragraph (b)(2) of this section, making the adjustments necessary to conform the statement to United States tax principles (the adjusted statement); and
iii. except as provided in paragraph (b)(1)(iv) and paragraph (b)(3) of this section, translating the amount shown on the adjusted statement into the taxpayer's function currency at the weighted average exchange ratio for the taxable year; and

iv. translating the amount shown on the adjusted statement attributable to dividend amounts into the taxpayer's functional currency at the spot rate when the amount is included in the taxpayer's income.

Paragraph (b)(2) states that a QBU's adjusted profit and loss statement does not include income described in section 951(a) and 1293(a)(1). Section 951(a) has to do with income from a controlled foreign corporation. Section 1293(a)(1) has to do with income from a qualified electing fund. The taxpayer does not have any 951(a) or 1293(a)(1) income.

Proposed Treasury Regulation 1.987-1(b)(3) has to do with the appropriate exchange rate for creditable taxes for certain QBU branches of a United States Taxpayer. The separate computations of paragraph (b)(3) ensure that a taxpayer's income reflects the dollar value of its creditable taxes where the taxpayer elects to credit the taxes under section 901. If a domestic taxpayer elects to credit any creditable tax under section 901, the taxable income or loss attributable to a QBU branch must be computed in the same manner as provided in paragraph (b)(1) of this section, except that the function currency amount of creditable foreign taxes paid or accrued with respect to the QBU branch's income is translated into U.S. dollars at the spot rate on the date the taxes were paid or accrued to the foreign country or possession of the United States. The domestic taxpayer's dollar income or loss includes the dollar tax equivalent amount.

Pursuant to Internal Revenue Code § 987 and Proposed Treasury Regulation 1.987-1, the taxpayer must use the weighted average exchange rate to convert FLPJ's income from Yen to U.S. Dollars. The taxpayer must convert the foreign taxes paid that are creditable pursuant to section 901 using the spot rate on the date the taxes were paid.

When computing the taxable income of FLPJ, the taxpayer failed to make the net transfer pricing adjustment determined by the competent authority. Proposed Treasury Regulation 1.987-1(b)(1)(ii) requires that the taxpayer make adjustments to conform the profit and loss statement to United States tax principles. The transfer pricing adjustment is required to be made pursuant to Internal Revenue Code § 482.

Section 482 states that in the case of two or more organizations, trades, or businesses (whether or not incorporated, whether or not organized in the United States, and whether or not affiliated) owned or

controlled directly or indirectly by the same interests, the Secretary may distribute, apportion, or allocate gross income, deductions, credits, or allowances between or among such organizations, trades, or businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such organizations, trades, or businesses. The purpose of Internal Revenue Code § 482 is to ensure that taxpayers clearly reflect income attributable to controlled transactions, and to prevent the avoidance of taxes with respect to such transactions. Section 482 places a controlled taxpayer on a tax parity with an uncontrolled taxpayer by determining the true taxable income of the controlled taxpayer by determining the true taxable income of the controlled taxpayer. The net transfer pricing adjustment determined by the competent authority is a Section 482 adjustment that must be made in determining FLPJ taxable income.

The exchange rate used by the taxpayer in the revised claim computations was determined to be appropriate pursuant to Internal Revenue Code § 987. The taxable income of FLPJ was recomputed as shown in Exhibit A-6. Pursuant to Internal Revenue Code § 702, the taxpayer's share of FLPJ income is $ 3,332,732 in 1991, $ 8,376,392 in 1992, $ 12,665,042 in 1993, $22,080,755 in 1994, $ 28,911,800 in 1995 and $ 23,954,525 in 1996.

## II. COMPUTATION OF CREDITABLE FOREIGN TAXES

Section 702(a) of the Code provides that, in determining his income tax, each partner shall take into account separately his distributive share of the partnership's taxes, described in Section 901 of the Code, paid or accrued to foreign countries and to possessions of the United States, and other items of income, gain, loss deduction, or credit, to the extent provided by regulations prescribed thereunder.

Internal Revenue Code § 703(b) states in part that any election under section 901 relating to taxes of foreign countries and possessions of the United States shall be made by each partner separately.

Internal Revenue Code § 901(a) of the Code provides that, subject to the applicable limitation of section 904 of the Code, the taxpayer may elect to credit against its United States income tax the amount of any income, war profits, and excess profits taxes paid or accrued to any foreign country plus, in the case of a domestic corporation, the taxes deemed to have been paid under sections 902 and 960 of the Code.

Internal Revenue Code § 901(b)(5) states in part that in the case of a citizen of the United States who is a member of a partnership, the amount of his proportionate share of the taxes of the partnership paid or accrued during the taxable year to a foreign country shall be allowed as a credit subject to the limitation of Section 904.

Because FLPJ has been determined to be a partnership for U.S. income tax purposes, the taxpayer is entitled to a credit under Section 901(a), subject to the limitations under section 904 of the Code, for the distributive share of FLPJ's taxes withheld at the source and income taxes paid to Japan in 1991 through 1996.

The taxpayer has elected to claim a foreign tax credit pursuant to Internal Revenue Code § 901. The foreign taxes paid in Japan were affected by the Japanese audit and then the competent authority settlement. The taxpayer provided a schedule indicating the creditable foreign taxes paid in Japan for FLPJ. The taxpayer's schedule is shown in Exhibit A-6. The taxpayer's schedule indicates the amounts paid with the original return, amounts paid pursuant to the Japanese examination, and refunds received after the competent authority settlement.

The taxpayer's schedule of foreign taxes paid to Japan does not appear to be correct. After all adjustments were made by the Japanese government pursuant to the Japanese examination and the competent authority settlement, the taxable income in Japan decreased in 1991 through 1996. The schedule provided by the taxpayer does not show an overall decrease in Japanese taxes paid in the years 1993, 1994, 1995 and 1996.

Treasury Regulation 901-2(a)(2) states that a foreign levy is a tax if it requires a compulsory payment pursuant to the authority of a foreign country to levy taxes. A penalty, fine, interest or similar obligation is not a tax. Whether a foreign levy requires a compulsory payment pursuant to a foreign country's authority to levy taxes is determined by principles of U.S. law and not by principles of law of the foreign country.

Treasury Regulation 1.901-2(e)(2) states that an amount is not tax paid to a foreign country to the extent that it is reasonably certain that the amount will be refunded, credited, rebated, abated or forgiven.

Treasury Regulation 1.901-2(e)(5) states in part that an amount paid is not a compulsory payment and is not an amount of tax paid to

the extent that the amount paid exceeds the amount of liability under foreign law for tax. An amount paid does not exceed the amount of such liability if the amount paid is determined by the taxpayer in a manner that is consistent with a reasonable interpretation and application of the substantive and procedural provisions of foreign law in such a way as to reduce, over time, the taxpayer's reasonable expected liability for foreign tax. Where foreign tax law includes options or elections whereby a taxpayer's tax liability may be shifted, in whole or part, to a different year or years, the taxpayer's use or failure to use such options or elections does not result in a payment in excess of the taxpayer's liability for foreign tax. An interpretation or application of foreign law is not reasonable if there is actual notice or constructive notice to the taxpayer that the interpretation or application is likely to be erroneous. In interpreting foreign tax law, a taxpayer may generally rely on advise obtained in good faith from competent foreign tax advisors to whom the taxpayer has disclosed the relevant facts.

Pursuant to Treasury Regulations 1.901-2(a)(2) and 2(e)(5) the creditable income taxes for FLPJ paid to Japan have not been computed correctly by the taxpayer. The taxpayer was given notice by both the U.S. and Japanese government's regarding the competent authority settlement. The overall tax paid in Japan by FLPJ should decrease based upon the competent authority settlement. The taxpayer's computation of creditable taxes for FLPJ does not reflect an overall decrease.

The creditable Japanese taxes for FLPJ were recomputed using the information from the taxpayer's computation of FLPJ creditable taxes shown in Exhibit A-5. The tax rate percentage on the amounts assessed pursuant to the Japanese examination were computed by dividing the additional tax paid by the Japanese audit adjustment amount. The computed tax rate was then used to determine the amount of refund the taxpayer was to receive based upon the competent authority settlement. The refund was computed by taking the transfer pricing adjustment and multiplying it by the tax rate computed above. The difference in the refund on the taxpayer schedule and the re-computed amount was used to reduce the total taxes shown on the taxpayer schedule to determine the amount of FLPJ taxes that are creditable pursuant to Internal Revenue Code § 901. Exhibit A-7 contains the computation of creditable Japanese taxes from FLPJ.

It was determined that the taxpayer has creditable Japanese foreign taxes of $ 3,727,332 in 1991, $ 8,274,397 in 1992, $ 12,120,940 in 1993, $ 21,979,199 in 1994, $ 27,531,736 in 1995, and $ 23,041,335 in 1996 pursuant to Section 901.

## III. SECTION 904 LIMITATION

Internal Revenue Code Section 904(a) limits the amount of foreign income taxes that a taxpayer may claim as a credit during a taxable year to the amount of the taxpayer's pre-credit U.S. tax on the taxpayer's foreign source taxable income for the year. The limitation is computed by multiplying the pre-credit U.S. tax liability by the ratio of its foreign source taxable income to its worldwide taxable income. The limitation formula is as follows:

$$\frac{\text{Foreign Source Income}}{\text{Worldwide Income}} \quad X \quad \text{U.S. Tax Liability}$$

Internal Revenue Code Section 904(b) states that taxable income for an individual shall e computed without any deduction for personal exemptions under Section 151 or 642(b).

Internal Revenue Code Section 904(c) allows the taxpayer to carry any unused foreign tax credits back 2 years and forward 5 years.

Internal Revenue Code Section 904(d) establishes the requirement that the foreign tax credit limitation be calculated separately for 9 different categories of income. The taxpayer has correctly included the income from FLPJ in the general basket as defined in Section 904(d)(1)(I).

## IV. FOREIGN SOURCE INCOME

Internal Revenue Code § 862(a) defines income from sources without the United States.

Internal Revenue Section 862(b) states that income as defined in subsection (a) shall be reduced by expenses, losses and other deductions properly apportioned or allocated thereto, and a ratable part of any expenses losses, or other deductions which cannot definitely be allocated to some item or class of gross income. The remainder, if any, shall be treated in full as taxable income from sources without the United States.

The taxable income from FLPJ is considered to be foreign sourced income pursuant to Internal Revenue Code § 862. The taxpayer did not provide a list of foreign source income per the return, as amended or as audited for the foreign tax credit limitation. The foreign source income per return was accepted as filed. The foreign source income was recomputed based upon audit adjustments as shown in Exhibit A-8.

The section 904 limitation was recomputed based upon audit adjustments and allowable foreign tax credit computations as shown in Exhibit A-8. The 904 limitation amount includes a computation of the foreign source income based upon the examination and Internal Revenue Code 862. The taxpayer has a Section 904 limitation of $ 1,347,650 in 1991, $ 2,912,213 in 1992, $ 5,914,421 in 1993, $ 9,335,749 in 1994, $ 13,293,406 in 1995 and $ 13,124,408 in 1996. Pursuant to Internal Revenue Code § 904(c) the taxpayer has foreign tax credit available to carry back 2 years or forward 5 of $ 2,459,254 in 1991, $ 5,450,230 in 1992, $ 6,489,478 in 1993, $ 13,311,683 in 1994, $ 15,318,219 in 1995, and $ 10,849,715 in 1996.

## V. FLPJ AS A PASSIVE ACTIVITY

Internal Revenue Code § 469 sets for the rules for determining if an activity is a passive activity and the amount of losses allowed from passive activities. Section 469(a) states in part that for any taxable year neither the passive activity loss nor the passive activity credit will be allowed to a taxpayer who is an individual.

Section 469(c) defines a passive activity to be any activity:

A. which involves the conduct of any trade or business, and
B. in which the taxpayer does not materially participate

Section 469(d) sets forth the definition of passive activity loss and passive activity credit. The term "passive activity loss" means the amount (if any) by which

A. the aggregate losses from all passive activities for the taxable year, exceed
B. the aggregate income from all passive activities for such year

Section 469(h) sets for the rules for material participation. Section 469(h)(1) states that a taxpayer shall be treated as materially participating in an activity only if the taxpayer is involved in the operations of the activity on a basis which is

A. regular,
B. continuous, and
C. substantial

The taxpayer has agreed that FLPJ is not a passive activity. Yamagata Holdings, Inc. owns the 50% of the outstanding shares of FLPJ and Aloe Sales, Inc. The taxpayer is materially involved with both businesses; therefore, the income from Yamagata Holdings, Inc. is not passive pursuant to Internal Revenue Code § 469. Taxable income has been increased by $ 6,206,248 in 1994, $ 2,896,281 in 1995 and $ 483 in 1996.

## VI. COMPUTATIONS IF FLPJ IS ALLOWED TO BE A PARTNERSHIP

A report has been generated and is shown in Exhibit A-9 indicating the amount of refund that would be allowable to the taxpayer based upon the following:

1. Since FLPJ is a partnership for U.S. income tax purposes, no dividend income from FLPJ should be reported on the return. Taxable income will be reduced by the dividend income reported from FLPJ as follows: $ 1,176,366 in 1993, $ 6,874,338 in 1994, $ 8,761,184 in 1995, and $ 7,612,006 in 1996.

2. Pursuant to Internal Revenue Code § 701, 702, 703, 985, 987 and 482, taxable income will be increased for the taxpayer's pro rata share of income from FLPJ in the following amounts: $ 3,332,732 in 1991, $ 8,376,392 in 1992, $ 12,665,042 in 1993, $ 22,080,755 in 1994, $ 28,911,800 in 1995 and $ 23,954,525.

3. Pursuant to Internal Revenue Code § 469 income from Yamagata Holdings, Inc. will be reclassified as active income. Taxable income will be increased by $ 6,206,248 in 1994, $ 2,896,281 in 1995 and $ 483 in 1996

3. Pursuant to Internal Revenue Code § 702, 901, 904 and 861, the taxpayer is allowed a foreign tax credit of $ 1,347,650 in 1991, $ 2,912,213 in 1992, $ 5,914,421 in 1993, $ 9,335,749 in 1994, $ 13,293,406 in 1995 and $ 13,124,408 in 1996.

The taxpayer has foreign tax credit carryovers of $ 2,459,254 in 1991, $ 5,450,230 in 1992, $ 6,489,478 in 1993, $ 13,311,683 in 1994, $ 15,318,219 in 1995, and $ 10,849,715 in 1996 pursuant to Internal Revenue Code § 904(c).

**CONCLUSION:**

The taxpayer is entitled to a refund of $ ( 324,504) in 1991, $ ( 204,942) in 1992, $ ( 1,081,947) in 1993, and $ (159,198) in 1994 pursuant to Internal Revenue Code Sections 701, 702, 703, 985, 987, 989, 482, 901, 904, and 862.

Form **4549A**

Department of the Treasury - Internal Revenue Service

# Income Tax Examination Changes

Page 1 of 4

| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| Gene H Yamagata | 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 | 1040 |
| | Person with whom examination changes were discussed. | Name and Title: Merwin Grant, Esq. |

| 1. Adjustments to Income | Period End 12/31/1991 | Period End 12/31/1992 | Period End 12/31/1993 |
|---|---|---|---|
| a. Other Income - FLPJ Partnership Income | 3,332,732.00 | 8,376,392.00 | 12,665,042.00 |
| b. Itemized Deductions | | 72,721.00 | |
| c. Dividends - FLPJ | | | (1,176,366.00) |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. Total Adjustments | 3,332,732.00 | 8,449,113.00 | 11,488,676.00 |
| 3. Taxable Income Per Return or as Previously Adjusted | 2,478,729.00 | 11,318,443.00 | 9,674,788.00 |
| 4. Corrected Taxable Income | 5,811,461.00 | 19,767,556.00 | 21,163,464.00 |
| Tax Method | TAX RATE | TAX RATE | TAX RATE |
| Filing Status | Single | Single | Single |
| 5. Tax | 1,797,428.00 | 6,123,597.00 | 8,361,504.00 |
| 6. Additional Taxes / Alternative Minimum Tax | | | |
| 7. Corrected Tax Liability | 1,797,428.00 | 6,123,597.00 | 8,361,504.00 |
| 8. Less Credits a. Foreign Tax Credit | 1,347,650.00 | 2,912,213.00 | 5,914,421.00 |
| b. | | | |
| c. | | | |
| d. | | | |
| 9. Balance (Line 7 less total of lines 8a through 8d) | 449,778.00 | 3,211,384.00 | 2,447,083.00 |
| 10. Plus Other Taxes a. Self Employment Tax | 10,247.00 | 10,658.00 | 11,057.00 |
| b. | | | |
| c. | | | |
| d. | | | |
| 11. Total Corrected Tax Liability (line 9 plus line 10a - 10d) | 460,025.00 | 3,222,042.00 | $2,458,140.00 |
| 12. Total Tax Shown on Return or as Previously Adjusted | 774,529.00 | 3,426,984.00 | 3,540,087.00 |
| 13. Adjustments to: a. Special Fuels Credit | | | |
| b. | | | |
| c. | | | |
| 14. Deficiency-Increase in Tax or (Overassessment Decrease in Tax) (Line 11 less 12 adjusted by 13) | (314,504.00) | (204,942.00) | (1,081,947.00) |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or (Overpayment) (Line 14 adjusted by Line 15) ( Excluding interest and penalties) | (314,504.00) | (204,942.00) | (1,081,947.00) |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

Form **4549A**

Department of the Treasury - Internal Revenue Service

# Income Tax Examination Changes



| Name and Address of Taxpayer | SS or EI Number | Return Form No: |
|---|---|---|
| Gene H Yamagata | 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 | 1040 |
| | Person with whom examination changes were discussed. | Name and Title: Merwin Grant, Esq. |

| **1. Adjustments to Income** | **Period End** 12/31/1994 | **Period End** 12/31/1995 | **Period End** 12/31/1996 |
|---|---|---|---|
| a. Itemized Deductions | 73,037.00 | 691,407.00 | 399,436.00 |
| b. Sch E-Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve | 6,206,248.00 | 2,896,281.00 | 483.00 |
| c. Dividends - FLPJ | (6,874,388.00) | (8,761,184.00) | (7,612,006.00) |
| d. Other Income - FLPJ Partnership Income | 22,080,755.00 | 28,911,800.00 | 23,954,525.00 |
| e. Capital Gain or Loss | | | 4.00 |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| **2. Total Adjustments** | 21,485,652.00 | 23,738,304.00 | 16,742,442.00 |
| 3. Taxable Income Per Return or as Previously Adjusted | 11,146,878.00 | 17,506,714.00 | 16,279,428.00 |
| **4. Corrected Taxable Income** | 32,632,530.00 | 41,245,018.00 | 33,021,870.00 |
| Tax Method | TAX RATE | TAX RATE | SCHEDULE D |
| Filing Status | Single | Single | Single |
| **5. Tax** | 12,903,121.00 | 16,313,164.00 | 12,925,023.00 |
| 6. Additional Taxes / Alternative Minimum Tax | | | |
| 7. Corrected Tax Liability | 12,903,121.00 | 16,313,164.00 | 12,925,023.00 |
| **8. Less Credits** a. Foreign Tax Credit | 9,335,749.00 | 7,460,491.00 | 10,244,923.00 |
| b. | | | |
| c. | | | |
| d. | | | |
| **9. Balance** (Line 7 less total of lines 8a through 8d) | 3,567,372.00 | 8,852,673.00 | 2,680,100.00 |
| 10. Plus Other Taxes a. Self Employment Tax | 32,059.00 | 63,421.00 | |
| b. Alternative Minimum Tax | | 0.00 | |
| c. | | | |
| d. | | | |
| **11. Total Corrected Tax Liability** (line 9 plus line 10a - 10d) | 3,599,431.00 | 8,916,094.00 | $2,680,100.00 |
| 12. Total Tax Shown on Return or as Previously Adjusted | 3,758,629.00 | 555,931.00 | 2,482,744.00 |
| 13. Adjustments to: a. Special Fuels Credit | | | |
| b. | | | |
| c. | | | |
| **14. Deficiency-Increase in Tax** or (Overassessment Decrease in Tax) (Line 11 less 12 adjusted by 13) | (159,198.00) | 8,360,163.00 | 197,356.00 |
| 15. Adjustments to Prepayment Credits | | | |
| **16. Balance Due or (Overpayment)** (Line 14 adjusted by Line 15) ( Excluding interest and penalties) | (159,198.00) | 8,360,163.00 | 197,356.00 |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

FLP-JAPAN SCHEDULE OF REPORTED, ASSESSED AND REFUNDED TAXES
YEARS: 1991 - 1996 (all amounts in Yen unless noted)
(04/29/05)

| | 1991 | 1992 | 1993 | 1994 | 1995 | 1996 |
|---|---|---|---|---|---|---|
| Corporate Income - Reported | 1,072,003,731 | 2,116,656,374 | 2,508,593,654 | 4,203,244,699 | 4,778,585,507 | 4,459,415,033 |
| Corporate Income - Original Audit Adjustments | 672,753,046 | 1,340,837,968 | 1,613,466,556 | 1,646,066,832 | 1,831,059,475 | 2,127,548,817 |
| Total Income after Correction | 1,744,756,777 | 3,457,494,342 | 4,122,060,210 | 5,849,311,531 | 6,609,644,982 | 6,586,963,850 |
| Transfer Pricing Adjustments | (946,767,000) | (1,666,153,000) | (1,816,054,000) | (1,903,598,000) | (2,070,435,000) | (2,228,409,000) |
| Net Audit Adjustments Remaining after Settlement | 672,753,046 | 1,425,601,868 | 1,782,411,756 | 1,849,365,032 | 2,038,463,875 | 2,141,370,806 |
| Net Corporate Income after Settlement | 1,470,742,823 | 3,216,943,210 | 4,088,417,966 | 5,795,078,563 | 6,577,673,857 | 6,499,925,656 |
| | | | | | | |
| Corporate Income - After Audit | 1,744,756,777 | 3,457,494,342 | 4,122,060,210 | 5,849,311,531 | 6,609,644,982 | 6,586,963,850 |
| Corporate Income - After CA Settlement | 1,470,742,823 | 3,216,943,210 | 4,088,417,966 | 5,795,078,563 | 6,577,673,857 | 6,499,925,656 |
| CHANGE IN INCOME (Yen) | (274,013,954) | (240,551,132) | (33,642,244) | (54,232,968) | (31,971,125) | (87,038,194) |
| | | | | | | |
| CHANGE IN INCOME (USD $) | $ (2,036,304) | $ (1,898,880) | $ (302,599) | $ (530,427) | $ (339,841) | $ (799,791) |
| Mr. Maughan's 50 percent allocation (USD $) | $ (1,018,152) | $ (949,440) | $ (151,299) | $ (265,213) | $ (169,921) | $ (399,895) |
| | | | | | | |
| Corporate Tax (hojin zei) - Reported | 424,072,200 | 794,553,600 | 936,894,700 | 1,563,231,600 | 1,785,334,600 | 1,669,115,900 |
| Special Corporate Tax - Reported | 9,956,000 | 19,724,600 | 23,399,000 | | | |
| Audit Adjustments Paid | 269,307,185 | 600,339,013 | 732,428,320 | 731,795,181 | 814,037,303 | 841,797,400 |
| Total Corporate Taxes Reported / Paid | 703,335,385 | 1,414,617,213 | 1,692,722,020 | 2,295,026,781 | 2,599,371,903 | 2,510,913,300 |
| Corporate Tax Refunds | (314,189,400) | (624,807,300) | (679,306,500) | (713,849,300) | (776,413,100) | (830,062,100) |
| Net Corporate Tax Paid After CA Settlement | 389,145,985 | 789,809,913 | 1,013,415,520 | 1,581,177,481 | 1,822,958,803 | 1,680,851,200 |
| | | | | | | |
| Inhabitants Tax (jumin zei) - Reported | 86,361,700 | 162,078,700 | 190,367,500 | 319,601,930 | 362,947,700 | 340,485,000 |
| Inhabitants Tax - Audit Assessments Paid | 41,143,621 | 77,215,995 | 90,693,076 | 152,261,715 | 172,912,095 | 166,577,600 |
| Total Taxes Reported / Paid | 133,461,454 | 250,472,825 | 294,189,708 | 493,905,727 | 560,891,318 | 517,952,500 |
| Inhabitants Tax Refunds | (48,118,570) | (127,592,800) | (137,883,400) | (144,617,000) | (157,820,800) | (168,921,600) |
| Net Inhabitants Taxes Paid After CA Settlement | 85,342,884 | 122,880,025 | 156,306,308 | 349,288,727 | 403,070,518 | 349,030,900 |
| | | | | | | |
| Enterprise Tax (jigyo zei) - Reported | 132,406,200 | 261,176,800 | 309,272,800 | 527,739,500 | 588,867,300 | 548,371,500 |
| Enterprise Tax - Audit Assessments Paid | 75,469,163 | 148,866,098 | 176,279,957 | 300,802,063 | 335,643,814 | 285,964,800 |
| Total Taxes Reported / Paid | 207,875,363 | 410,042,898 | 485,552,757 | 828,541,563 | 924,511,114 | 834,336,300 |
| Enterprise Tax Refunds | (117,227,200) | (205,845,800) | (223,893,800) | (234,478,400) | (255,257,900) | (272,192,500) |
| Net Enterprise Taxes Paid After CA Settlement | 90,648,163 | 204,197,098 | 261,658,957 | 594,063,163 | 669,253,214 | 562,143,800 |
| | | | | | | |
| Total Taxes Paid After CA Settlement | 565,137,032 | 1,116,887,036 | 1,431,380,785 | 2,524,529,372 | 2,895,282,536 | 2,592,025,900 |
| Tax Per Financial Statements | 676,147,000 | 1,286,000,000 | 1,427,826,000 | 2,413,051,000 | 2,742,145,000 | 2,543,310,000 |
| CHANGE IN TAXES (Yen) | (111,009,968) | (169,112,964) | 3,554,785 | 111,478,372 | 153,137,536 | 48,715,900 |
| | | | | | | |
| CHANGE IN TAXES (USD $) | $ (824,958) | $ (1,334,956) | $ 31,974 | $ 1,090,317 | $ 1,627,796 | $ 447,648 |
| Mr. Maughan's 50 percent allocation (USD $) | $ (412,479) | $ (667,478) | $ 15,987 | $ 545,159 | $ 813,898 | $ 223,824 |
| | | | | | | |
| Yen to Dollar Exchange Rates Utilized | 134.56437 | 126.68052 | 111.17768 | 102.24399 | 94.07659 | 108.82624 |

Gene Yamagata
Computation of FLPJ Taxable Income

| | 1,991 | 1,992 | 1,993 | 1,994 | 1,995 | 1,996 |
|---|---|---|---|---|---|---|
| Income Per Financial Statements | 1,121,605,000 | 2,220,709,000 | 2,873,383,000 | 4,553,184,000 | 5,379,034,000 | 5,173,192,000 |
| Net Competent Authority Adj. | (277,721,000) | (244,083,000) | (37,209,000) | (58,043,000) | (77,976,000) | (85,074,000) |
| Total Income of FLPJ | 843,884,000 | 1,976,626,000 | 2,836,174,000 | 4,495,141,000 | 5,301,058,000 | 5,088,118,000 |
| Currency Exchange Rate | 134.564370 | 126.680520 | 111.177680 | 102.243990 | 94.076590 | 108.826240 |
| Financial Income in US $ of FLPJ | 6,271,229 | 15,603,236 | 25,510,282 | 43,964,843 | 56,348,322 | 46,754,514 |
| Adjustments to US Tax | | | | | | |
| Depreciation - Japan | 302,026 | 306,543 | 290,328 | 369,870 | 1,400,646 | 1,492,002 |
| Depreciation - US | (227,382) | (262,305) | (269,156) | (274,181) | (359,843) | (487,409) |
| Unfunded Returement | 108,283 | 17,666 | 263,605 | 254,861 | 298,725 | 288,763 |
| 263A Prior | (374,775) | (586,083) | (1,659,123) | (1,161,542) | (1,056,415) | (1,171,767) |
| 263A Current | 586,083 | 1,659,123 | 1,161,542 | 1,056,415 | 1,171,767 | 1,357,289 |
| Doubtful Receivables | 0 | 14,604 | 32,605 | (48,756) | 20,398 | (3,336) |
| CSV | 0 | 0 | 0 | 0 | 0 | (287,624) |
| Accrued Vacation | 0 | 0 | 0 | 0 | 0 | (33,383) |
| Total FLPJ Income in US $ | 6,665,464 | 16,752,784 | 25,330,083 | 44,161,510 | 57,823,600 | 47,909,049 |
| X 50% | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 | 0.50 |
| Shareholder % of FLPJ Income | | | | | | |
| to be included in Income | 3,332,732 | 8,376,392 | 12,665,042 | 22,080,755 | 28,911,800 | 23,954,525 |

Gene Yamagata
Computation of FLPJ Creditable Foreign Taxes
Page 1 of 2

| | 1991 | 1992 | 1993 | 1994 | 1995 | 1996 |
|---|---|---|---|---|---|---|
| Japanese Audit Adjustment | 672,753,046 | 1,340,837,968 | 1,613,466,556 | 1,646,066,832 | 1,831,059,475 | 2,127,548,817 |

Add'l Japanese Tax Paid

| | | | | | | |
|---|---|---|---|---|---|---|
| Corporate Tax | 269,307,185 | 600,339,013 | 732,428,320 | 731,795,181 | 814,037,303 | 841,797,400 |
| Inhabitants Tax | 41,143,621 | 77,215,995 | 90,693,076 | 152,261,715 | 172,192,095 | 166,577,600 |
| Enterprise Tax | 75,469,163 | 148,866,098 | 176,279,957 | 300,802,063 | 335,643,814 | 285,964,800 |
| Subtotal of Add'l Tax Paid | 385,919,969 | 826,421,106 | 999,401,353 | 1,184,858,959 | 1,321,873,212 | 1,294,339,800 |

Tax Rate on Additional Taxes Paid (Tax / Audit Adjustment)

| | | | | | | |
|---|---|---|---|---|---|---|
| Corporate Tax | 0.4003 | 0.4477 | 0.4539 | 0.4446 | 0.4446 | 0.3957 |
| Inhabitants Tax | 0.0612 | 0.0576 | 0.0562 | 0.0925 | 0.0940 | 0.0783 |
| Enterprise Tax | 0.1122 | 0.1110 | 0.1093 | 0.1827 | 0.1833 | 0.1344 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Transfer Pricing Adjustment | (946,767,000) | (1,666,153,000) | (1,816,054,000) | (1,903,598,000) | (2,070,435,000) | (2,228,409,000) |

Refund Due to Transfer Pricing Adjustment (Transfer Pricing Adjustment X Tax Rate)

| | | | | | | |
|---|---|---|---|---|---|---|
| Corporate Tax | (378,996,657) | (745,993,678) | (824,392,285) | (846,286,321) | (920,456,897) | (881,704,282) |
| Inhabitants Tax | (57,901,518) | (95,950,193) | (102,080,531) | (176,083,431) | (194,702,873) | (174,474,503) |
| Enterprise Tax | (106,207,937) | (184,984,093) | (198,413,732) | (347,863,279) | (379,522,735) | (299,521,463) |
| Subtotal | (543,106,112) | (1,026,927,964) | (1,124,886,548) | (1,370,233,031) | (1,494,682,505) | (1,355,700,248) |

Compared to Refund Shown on Taxpayer Computation

| | | | | | | |
|---|---|---|---|---|---|---|
| Corporate Tax | (314,189,400) | (624,807,300) | (679,306,500) | (713,849,300) | (776,413,100) | (830,062,100) |
| Inhabitants Tax | (48,118,570) | (127,592,800) | (137,883,400) | (144,617,000) | (157,820,800) | (168,921,600) |
| Enterprise Tax | (117,227,200) | (205,845,800) | (223,893,800) | (234,478,400) | (255,257,900) | (272,192,500) |
| Subtotal | (479,535,170) | (958,245,900) | (1,041,083,700) | (1,092,944,700) | (1,189,491,800) | (1,271,176,200) |

Gene Yamagata
Computation of FLPJ Creditable Foreign Taxes


Difference in Amount Computed and Amount on Taxpayer Computation

| | 1991 | 1992 | 1993 | 1994 | 1995 | 1996 |
|---|---|---|---|---|---|---|
| Corporate Tax | (64,807,257) | (121,186,378) | (145,085,785) | (132,437,021) | (144,043,797) | (51,642,182) |
| Inhabitants Tax | (9,782,948) | 31,642,607 | 35,802,869 | (31,466,431) | (36,882,073) | (5,552,903) |
| Enterprise Tax | 11,019,263 | 20,861,707 | 25,480,068 | (113,384,879) | (124,264,835) | (27,328,963) |
| Subtotal | (63,570,942) | (68,682,064) | (83,802,848) | (277,288,331) | (305,190,705) | (84,524,048) |
| Total Taxes Per Taxpayer | 565,137,032 | 1,116,887,036 | 1,431,380,785 | 2,524,529,372 | 2,895,282,536 | 2,592,025,900 |
| Total Allowable Taxes | 501,566,090 | 1,048,204,972 | 1,347,577,937 | 2,247,241,041 | 2,590,091,831 | 2,507,501,852 |
| | | | | | | |
| Exchange Rate | 134.56437 | 126.68052 | 111.17768 | 102.24399 | 94.07659 | 108.82624 |
| | | | | | | |
| Total Allowable Taxes in $ | 3,727,332 | 8,274,397 | 12,120,940 | 21,979,199 | 27,531,736 | 23,041,335 |

Gene Yamagata
Computation of Foreign Source Income and Section 904 Limitation Amount
Page 1 of 2

| | 1991 | 1992 | 1993 | 1994 | 1995 | 1996 |
|---|---|---|---|---|---|---|
| Per Return Foreign Source Inc | 1,025,740 | 1,058,910 | 2,323,694 | 1,562,439 | 5,564,400 | 9,988,878 |
| Add/Subtract: Current Audit Adjustments | | | | | | |
| Subtract: Dividend Adjustment | | | | | | |
| Add: FLPJ Partnership Income | 3,332,732 | 8,376,392 | 12,664,042 | 22,080,755 | 28,911,800 | 23,954,525 |
| Subtotal | 4,358,472 | 9,435,302 | 14,987,736 | 23,643,194 | 34,476,200 | 33,943,403 |
| Subtract: Direct Expenses Per Return | | | | | (702,308) | (303,216) |
| Subtract: Certain Itemized Deductions ** | (1,236) | (34,399) | (17,985) | (32,695) | (163,811) | (108,912) |
| Foreign Source Income As Adjusted | 4,357,236 | 9,400,903 | 14,969,751 | 23,610,499 | 33,610,081 | 33,531,275 |

| ** = Itemized Deductions Per Report X (Foreign Source Income From Above/Gross Income From All Sources As Adjusted) | | | | | | |
|---|---|---|---|---|---|---|
| Itemized Deductions Per Report | 8,531 | 180,778 | 45,447 | 102,338 | 356,994 | 230,418 |
| Foreign Source Income From Above | 4,358,472 | 9,435,302 | 14,987,736 | 23,643,194 | 34,476,200 | 33,943,403 |
| Gross Income From All Sources Per Report | 30,078,895 | 49,585,590 | 37,872,490 | 74,004,809 | 75,134,161 | 71,811,817 |

Gene Yamagata
Computation of Foreign Source Income and Section 904 Limitation Amount


| | 1991 | 1992 | 1993 | 1994 | 1995 | 1996 |
|---|---|---|---|---|---|---|
| Foreign Tax Credit Limitation per IRC Section 904<br>Foreign Source Income/Gross Income From All Sources X US Tax Liability | | | | | | |
| Foreign Source Income | 4,357,236 | 9,400,903 | 14,969,751 | 23,610,499 | 33,610,081 | 33,531,275 |
| Gross Income From All Sources | 5,811,461 | 19,767,556 | 21,163,464 | 32,632,530 | 41,245,018 | 33,021,870 |
| US Tax Liability Per RAR | 1,797,428 | 6,123,597 | 8,361,504 | 12,903,121 | 16,313,164 | 12,925,023 |
| FTC Limitation | 1,347,650 | 2,912,213 | 5,914,421 | 9,335,749 | 13,293,406 | 13,124,408 |
| Compared to Foreign Taxes Allowed | 3,806,904 | 8,362,443 | 12,403,899 | 22,647,432 | 28,611,625 | 23,974,123 |
| FTC Available to Carry | 2,459,254 | 5,450,230 | 6,489,478 | 13,311,683 | 15,318,219 | 10,849,715 |

| Total Foreign Taxes Paid | | | | | | |
|---|---|---|---|---|---|---|
| | 1991 | 1992 | 1993 | 1994 | 1995 | 1996 |
| Foreign Taxes Per Return or As Adjusted | 79,572 | 88,046 | 282,959 | 668,233 | 1,079,889 | 932,788 |
| Add: Add'l Foreign Taxes Per Audit | 3,727,332 | 8,274,397 | 12,120,940 | 21,979,199 | 27,531,736 | 23,041,335 |
| Total Foreign Taxes Allowed | 3,806,904 | 8,362,443 | 12,403,899 | 22,647,432 | 28,611,625 | 23,974,123 |