# In the United States Court of Federal Claims

Case No. 07-698T
(Filed: June 25, 2008)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | * |
| GENE H. YAMAGATA, *Plaintiff,* | * |
| v. | * |
| THE UNITED STATES OF AMERICA, *Defendant.* | * |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | * |

**ORDER TO SHOW CAUSE**

On September 27, 2007, Plaintiff Gene Yamagata filed the above-captioned case seeking refunds for tax years 1991, 1992, 1993, 1994, and 1996. Mr. Yamagata contends that he is due refunds for these tax years based upon a corrected entity classification, from a corporation to a partnership, of an entity in which he is an investor (Forever Living Products Japan, Inc.).

On September 28, 2007, a separate complaint was filed in this Court captioned, *Rex & Ruth Maughan v. United States*, No. 07-704T. The Maughans seek refunds for tax years 1991 ,1992, 1993, 1994, 1995, and 1996 also based upon a corrected entity classification of Forever Living Products Japan, Inc.

The two complaints are quite similar. Although there are some stylistic differences, both complaints raise the same legal question and recite nearly identical facts. The Court therefore believes the two cases may be appropriately consolidated pursuant to Rules of the Court of Federal Claims (RCFC) 42.

RCFC 42 authorizes the Court to order "a joint hearing or trial of any or all the matters in issue in the actions" when the actions "involv[e] a common question of law or fact." RCFC 42. The Rule further provides that consolidation should be ordered "as may tend to avoid unnecessary costs or delay." *Id.* Therefore, in determining whether consolidation is appropriate, the Court must weigh the interest of judicial economy against the potential for delay, confusion, and prejudice that may result from consolidation. *Cienega Gardens v. United States*, 62 Fed. Cl. 28, 31 (2004).

Accordingly, **the parties are hereby ORDERED to show cause why these two cases should not be consolidated. The parties shall respond in writing no later than July 9, 2008.**

**IT IS SO ORDERED.**

s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge