# In the United States Court of Federal Claims

No. 07-698T & 07-704T (Consolidated)

(Judge Lawrence M. Baskir)

| | |
|---|---|
| GENE H. YAMAGATA, | * |
| *Plaintiff*, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES OF AMERICA, | * |
| *Defendant*. | * |
| | * |
| | * |

**REPLY TO COUNTERCLAIM AND OFFSET**
**(CASE NO. 07-698T)**

Plaintiff Gene H. Yamagata ("Yamagata") hereby replies to the Counterclaim and Offset to Complaint filed by Defendant on July 24, 2008 (Doc. 23) as follows:

Yamagata denies each and every allegation that is not admitted or otherwise specifically addressed herein.

To the extent that Defendant has incorporated paragraphs 67 through 79 of its Amended Answer within its Counterclaim and Offset, Yamagata responds to said paragraphs as follows:

67. Yamagata admits that he treated FLPJ as a corporation for U.S. income tax purposes on his original tax returns for the years in question. Yamagata denies the remaining allegations of the paragraph.

68. Denied. Alternatively, these statements constitute legal argument which does not require Yamagata to admit or deny.

69. Denied. Alternatively, these statements constitute legal argument which does not require Yamagata to admit or deny.

70. Denied. Alternatively, these statements constitute legal argument which does not require Yamagata to admit or deny.

71. Yamagata admits that the precise effect that the deemed liquidation and recontribution would have on the income or excise taxes that Yamagata may owe depends on facts known to Yamagata but not to Defendant. Yamagata denies the remainder of the allegations in the paragraph. Alternatively, these statements constitute legal argument which does not require Yamagata to either admit or deny.

72. Denied. Alternatively, these statements constitute legal argument which does not require Yamagata to admit or deny.

73. Denied. Alternatively, these statements constitute legal argument which does not require Yamagata to admit or deny.

74. Denied. Alternatively, these statements constitute legal argument which does not require Yamagata to admit or deny.

75. Denied. Alternatively, these statements constitute legal argument which does not require Yamagata to admit or deny.

76. Denied. Alternatively, the years following the years at issue are outside the jurisdiction of the court.

77. Denied. Alternatively, these statements constitute legal argument which does not require Yamagata to admit or deny. Alternatively, the years following the years at issue are outside the jurisdiction of the court.

78. Denied. Alternatively, these statements constitute legal argument which does not require Yamagata to admit or deny.

79. Denied. Alternatively, these statements constitute legal argument which does not require Yamagata to admit or deny.

80. Denied. Alternatively, these statements constitute legal argument which does not require Yamagata to admit or deny.

81. Denied. Alternatively, these statements constitute legal argument which does not require Yamagata to admit or deny.

82. Yamagata denies that Defendant has a setoff or equitable recoupment claim upon which relief can be granted. Yamagata also asserts that Defendant has failed to plead its offset/setoff claim with specificity and/or as a compulsory counterclaim as required by the Court's Order filed 7/21/2008 (Doc. 22).

83. Yamagata denies that Defendant has stated a Counterclaim upon which relief can be granted. Yamagata further denies that any additional taxes exist based upon reclassification. Yamagata denies the remainder of the allegations of paragraph 83 of the Counterclaim.

WHEREFORE Yamagata requests that the Court enter judgment: (a) denying the Counterclaim filed by Defendant; (2) awarding Yamagata's refunds as demanded in his Complaint; and (3) for such other and further relief as the Court may deem just and appropriate.

Respectfully submitted this 6th day of August, 2008.

GRANT & VAUGHN, P.C.

By/s/ Merwin D. Grant
Merwin D. Grant
6225 North 24th Street, Suite 125
Phoenix, Arizona 85016
Attorneys for Yamagata

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed via ECF with a copy transmitted electronically this 6th day of August, 2008, to:

JASON BERMANN
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, DC 20044

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

AND

TIM A. TARTER
Woolston & Tarter, P.C.
2400 East Arizona Biltmore Circle
Suite 1430
Phoenix, AZ 85016-2114
TIM@woolston-tarter.com
(602) 532-9199
Fax: (602) 532-9193
Counsel for Plaintiffs Maughan in consolidated action

By: /s/ Dianna L. Knothe